ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. McNEIL.

Opinion delivered July 2, 1906.

1. CARRIER—BILL OF LADING—NOTICE OF DAMAGES.—Damages to live stock suffered by reason of a carrier's delay in furnishing cars for shipment are not covered by a stipulation in the bill of lading "that, as a condition precedent to the collection of any damages for any loss or injury to live stock covered by this contract," the shipper will give notice in writing of the claim therefor to the company's agents or officers before the stock is removed. *St. Louis, I. M. & S. Ry. Co.* v. *Law,* 68 Ark. 218, followed. (Page 473.)

2. APPEAL—EXCEPTION—WAIVER.—An exception to testimony, not incorporated in the motion for new trial, is waived. (Page 473.)

Appeal from Clay Circuit Court; *Allen Hughes,* Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. The complaint did not allege damages for failure to furnish the car, nor that notice was given of intention to claim damages for such failure. It was therefore error to admit evidence, over defendant's objection, tending to prove damages accruing before the hogs were loaded. 71 Ark. 197; 29 Ark. 372; 70 Ark. 232; 75 Ark. 465; 59 Ark. 165.

2. The sixth clause of the contract is a reasonable regulation, and the third instruction asked by defendant, based thereon, should have been given. The letter of plaintiff, written eighteen days after the hogs were sold, was in no sense a compliance with this clause. 73 Ark. 112; 57 Ark. 112; *Ib.* 127; 23 Am. & Eng. R. Cas. 684; 16 *Ib.* 257.

*J. H. Hill,* for appellee.

BATTLE, J. "On the 31st day of December, 1903, the plaintiffs instituted this action, and alleged that on the 12th day of November, 1903, they shipped one carload of hogs from Rector, Arkansas, to St. Louis, Missouri; that they were delivered to the defendant in good condition, and on account of the carelessness and negligence of its agents in transporting the car they were damaged in the sum of $50, on account of the depreciation in prices and shrinkage.

"They further alleged that on the 16th day of December, 1903, they delivered a carload of hogs in good condition at

Rector, Arkansas, for shipment to St. Louis, Mo., and on account of unusual delay and carelessness, and on account of an insecure car, six of the hogs were lost.

"The defendant answered the first paragraph of the plaintiffs' complaint, and denied that it or its agents were guilty of negligence in transporting the carload of hogs, and denied that the plaintiffs were damaged in the sum of $50 or any other sum by reason of delay caused by the defendant, and alleged that at the time of the shipment of said hogs it did not carry freight to St. Louis, Missouri, and delivered the hogs in question to its connecting carrier at Delta, Missouri. It received the car on the 12th day of November, 1903, and delivered it ten hours later to its connecting carrier.

"The defendant answered the second paragraph, and denied that the shipment of the hogs was delayed, or that the car they were shipped in was insecure, and denied that six of the hogs, or any other number, were lost, and alleged that they delivered the hogs in question to its connecting carrier at Delta, Missouri, ten hours after they were received by it.

"The defendant filed an amendment to its answer, in which it alleged that at the time the stock was delivered to it there was an agreement entered into, whereby it was agreed that in the event of the loss or damage to the hogs the plaintiffs should give a written notice of their demand for damages to the agent of the defendant before the stock was removed, or within one day after the delivery of the stock, to the end that the damage to the same might be examined and ascertained; that no notice was given until long after the hogs had been disposed of."

J. N. McNeil, one of the plaintiffs, testified that on Saturday, the 7th day of November, 1903, plaintiffs demanded that defendant furnish them with a car at Rector, a station on its railway, on Tuesday following, for the transportation of a carload of hogs from that station to St. Louis, Mo. On Tuesday morning, the 10th day of November, 1903, they delivered to the defendant in its stockpen at Rector a load of hogs for shipment. The hogs remained there in the open pen until Thursday following, about 4 o'clock, p. m., when they were loaded on defendant's car and shipped. Witness testified, over the objection of the defendant, that plaintiffs were damaged by the failure to ship the hogs on

Tuesday and the delay until Thursday following; that there was a shrinkage in the weight of each hog while in the stock pen of three to six pounds for each day's delay; and that plaintiff's damage by reason of the delay in the shipment was at least $50.

The bill of lading given by the defendant to plaintiffs for the hogs was read as evidence. It shows that one hundred and ten hogs of plaintiffs were shipped by the defendant on the 12th of November, 1903. It has the following stipulation: "That, as a condition precedent to the collection of any damages for any loss or injury to livestock covered by this contract, the second party (plaintiffs) will give notice in writing of the claim therefor to some general officer, or to the nearest station agent of the first party (railroad company), or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated, and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

Other witnesses, among them Howard Allen, testified.

The defendant asked the court, and it refused to instruct the jury, in part, as follows:

"3. You are instructed that, under the sixth clause of the contract under which contract the shipments were made, it is incumbent upon the plaintiffs, should loss or damage occur in the shipment, to give notice to defendant on the delivery line, in writing, of such claim within one day; and if you find that such notice was not given, then you will find for the defendant."

The jury returned a verdict in favor of the plaintiffs for $40.

The defendant filed a motion for a new trial, one of the reasons for which is as follows: "That the court erred in permitting witness Howard Allen to testify as to the damages sustained on account of the defendant's failure to furnish a car immediately." We do not find that Allen testified to the effect stated.

The motion for a new trial was overruled, and the defendant appealed.

The stipulation in the bill of lading which provides that appellees shall not be entitled to recover damages to the hogs unless they give to the carrier notice in writing of their intention to claim damages does not apply to the damages incurred in this case by the failure to furnish a car in time. It is expressly confined to damages *covered* by the bill of lading, and damages incurred while the hogs were in a stock pen awaiting shipment are not covered by it. *St. L., I. M. & S. Ry. Co.* v. *Law,* 68 Ark. 218. The latter damages were the principal part, if not all, of the damages recoverable in this action. The instruction asked for by appellant, copied above, if it had been given, would probably have defeated the recovery of any damages, it applying to all damages, and was properly refused.

The exception to the testimony of McNeil, not having been incorporated in the motion for a new trial, was waived. 1 Crawford, Arkansas Digest, App. & Error, iv, b.

Judgment affirmed