## THOMAS *v.* JACKSON.

### Opinion delivered November 18, 1912.

1.  INSTRUCTIONS—REPETITION.—The court's refusal to give correct instructions which were covered by instructions given was not prejudicial.   (Page 355.)

2.  APPEAL AND ERROR—OBJECTIONS—WAIVER.—Objections to instructions and to the admission and exclusion of evidence are waived by failure to carry them into the motion for new trial as grounds therefor. (Page 355.)

3.  CONTRACT—PERFORMANCE—ACCEPTANCE.—Where work has been done substantially in compliance with the terms of a contract, or there has been an acceptance of the work by the contractee, the contractor may, notwithstanding defects therein, recover the contract price less the cost of correcting such defects.   (Page 356.)

Appeal from Lawrence Circuit Court, Eastern District; *R. E. Jeffery*, Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee brought suit against appellant for a balance of $329.21, due upon a contract for the building of a bungalow in Hoxie, and for foreclosure of a mechanic's lien.

Appellant filed answer and cross complaint, denying any indebtedness, admitted the payment of $450 on the contract price for use in the purchase of materials and paying of laborers; denied that appellant complied with his contract; claimed damages for defective and unworkmanlike construction and bad materials; alleged that it would cost the sum of $600 more than the balance claimed under the contract to put the house in such condition as appellee agreed to construct it, and that

it was not constructed in substantial compliance with the contract, and that he was damaged in the said sum of $450 already expended thereon.

The facts are, substantially, that the written contract was entered into between the parties for the construction of a one-story bungalow in the town of Hoxie, appellee agreeing to furnish materials and build the house for $743.46; the house to be built according to a certain plan drawn by appellant, with the interior and exterior arrangements as shown in the plan and certain photographs, the contract not including the canvassing, papering and painting of the house. "Said plan includes one fireplace, chimney exposed inside, and is to be built outside of red pressed brick."

Appellee testified that he was to be paid certain amounts for extras, as set out, the whole amount of the contract price, with extras, being $781.46. He acknowledged receipt of $450 and also a credit of $2.25 for broken glass and claimed a balance due of $329.21.

The appellant moved into the house with his family at about the time appellee was constructing the chimney, and, discovering that he was not going to use a certain kind of brick made in Coffeyville, refused to permit him to build the chimney, notwithstanding appellee was insisting on doing so and using a red pressed brick purchased from Jonesboro, which he claimed and stated was in accordance with the terms of the contract, and also that he was unable to get the Coffeyville brick because of the excessive freight rate.

Appellant testified that the house was not placed upon a level foundation, that the floors sagged, that one wall was twelve inches lower than the opposite wall, that the window and door casings were not square, and that one side of the roof was longer than the other, the comb not being in the center of the house, and that it would cost more to build the house properly in accordance with the contract than the original contract price, and that it had cost him $75 to construct the chimney, which he refused to let appellee build, because he was not going to use the Coffeyville brick therein. After the contract was entered into, appellee showed appellant a brick made in Coffeyville, which was being used at the Baptist Church, and told him he thought he could get the

brick to build the chimney from the church and would use that kind if he could procure it. He was unable to get this brick, and was using another red pressed brick, which he claimed was in accordance with the contract when appellant refused to permit him to proceed further with the construction.

Many witnesses testified as to the kind and character of the work, and their testimony is conflicting as to whether or not it was done in a neat and workmanlike manner. They also testified as to the cost of remedying certain defects, and appellee testified that the chimney could have been finished with materials in accordance with the terms of the contract already placed upon the ground by him with two or three days' more work.

The court refused to give each of the five instructions requested by appellant, and gave six, none of which were objected or excepted to.

The jury returned a verdict for appellee for $300, and from the judgment thereon this appeal comes.

*Appellant, pro se.*

*W. P. Smith* and *O. C. Blackford,* for appellee.

KIRBY, J., (after stating the facts). It is contended that the cause should be reversed for the failure to give said requested instructions, but we have examined same carefully, and the only two which correctly state the law were sufficiently covered by the instructions given by the court, none of which were excepted to, and no prejudice resulted from the refusal to give them.

Appellant objected, it is true, to the giving of each of said instructions by the court, but he failed to preserve his exceptions by carrying them into his motion for a new trial as a ground therefor, and thereby waived the right to complain of error in the court's ruling thereon. *St. Louis & S. F. Rd. Co.* v. *Fayetteville,* 75 Ark. 534; *Burris* v. *State,* 73 Ark. 455; *McCarroll* v. *Stafford,* 24 Ark. 224; *Ray* v. *Light,* 34 Ark. 421.

He likewise waived the right to complain of error in the admission and exclusion of evidence. *Fourche River Lbr. Co.* v. *Bryant Lbr. Co.,* 97 Ark. 632; *Choctaw & M. Rd. Co.* v. *Goset,* 70 Ark. 427; *St. Louis, I. M. & S. Ry. Co.* v. *Deshong,* 63 Ark. 443; *Ince* v. *State,* 77 Ark. 418; *Allen* v. *State,* 70 Ark. 337.

It is undisputed that appellant moved into the building and occupied it with his family after it was constructed, and that he still continues to do so.

When work has been done substantially in compliance with the terms of the contract, or there has been an acceptance of the work by the contractee, the contractor may, notwithstanding defects therein, recover the contract price, less the cost of correcting such defects. A substantial performance is all that is required to authorize a recovery of the contract price, less the additional cost of a literal compliance with the contract. *Mitchell* v. *Caplinger,* 97 Ark. 281; *Fitzgerald* v. *Laporte,* 64 Ark. 34; *Ark-Mo Zinc Co.* v. *Patterson,* 79 Ark. 506; *Harris* v. *Graham,* 86 Ark. 570.

Appellee was entitled to recover on the contract upon a substantial performance of it, or an acceptance of the work by the contractee, notwithstanding defects therein, the contract price, less the cost of correcting such defects. The jury only allowed $29.21 credit to appellant upon his claim of defective and unfinished work, but the issues were fairly submitted to them by the instructions given, and they have found them in favor of the appellee upon conflicting testimony, and their verdict will not be disturbed.

Finding no prejudicial error in the record, the judgment is affirmed.