HALL *v.* GAGE.

Opinion delivered December 21, 1914.

1. WALLS—ADJOINING LAND OWNERS—FALLING WALL—NEGLIGENCE.— Where defendant's wall, left standing after a fire, fell on the property of plaintiff, the fact that the wall fell is *prima facie* evidence

of negligence on defendant's part in conformity with the doctrine of *res ipsa loquitur.*

2. WALLS—INJURY FROM FALLING—NEGLIGENCE.—Where defendant left a wall twenty-four feet in height, standing after a fire, without making any effort to remove it or to prop it up, it being obvious that the upper portions of the wall could never be used again; *held,* it was defendant's duty not to suffer such a wall to remain on his land when its fall would injure his neighbor, without using such care in the maintenance of it as would absolutely prevent injuries, except from causes over which he had no control.

3. WALLS—INJURY FROM FALLING—NEGLIGENCE—LIABILITY—ACTS OF NEIGHBOR.—Defendant left a wall standing on his property after a fire, which fell and injured the property of plaintiff, the adjoining owner. *Held,* it was no defense to plaintiff's action against defendant that at the time defendant's wall fell plaintiff was erecting on his property a building in violation of a city ordinance, when plaintiff's acts in erecting his building did nothing to cause defendant's wall to fall.

4. APPEAL AND ERROR—REVERSAL OF JUDGMENT—FAILURE TO ABSTRACT.—When a cause is reversed, judgment will not be entered or the appellant, although the case was fully developed, where the appellant failed to abstract the testimony showing the measure of his damage.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; reversed.

*Davies & Ledgerwood* and *R. G. Davies,* for appellant.

Appellee's plea of contributory negligence is in itself an acknowledgment that he was guilty of negligence. 79 Ala. 223.

The fire itself was enough to notify appellee that his wall left standing thirty feet high was dangerous. It was his duty to take such precautions as were necessary to protect the public. 2 L. R. A. (Ark.) 189, and authorities cited below. In cases of this kind, it is not necessary to allege negligence on the part of the defendant. 131 Ill. 322; 2 N. Y. 159; 80 N. Y. 579; 81 N. Y. 52; 122 N. Y. 18; 39 Pa. St. 257.

For further authorities touching the liability of owners of walls, etc., left standing, and which fall and injure others, see 27 L. R. A. 256; 107 Mass. 492; 9 Am. Rep. 61;

26 L. R. A. 256; 57 *Id.* 135; 172 Mass. 257; 209 Ill. 302; 180 Mass. 397; 3 Hill 193; 48 La. Ann. 1433; 34 L. R. A. 609; 20 So. 887; 153 Mass. 366.

*C. Floyd Huff,* for appellee.

HART, J. J. H. Hall sued Vince Gage to recover damages on account of the alleged negligence of the latter in allowing his wall to fall on the former's building. The facts, so far as are necessary to determine the issues raised by the appeal, briefly stated, are as follows:

Hall and Gage owned adjacent lots in the city of Hot Springs upon which they had buildings. On September 5, 1913, the buildings on both of these lots were destroyed by fire. On the lot of Gage a wall was left standing about twenty-four feet high and one and one-half inches of this wall was on Hall's land. Almost immediately after the fire Hall cleared away the debris from his lot and proceeded with the erection of a concrete building. The wall of his new building was sixteen feet high and in making the concrete wall he used the brick wall of Gage as a part of the form. After the erection of Hall's new building the wall of Gage's building fell over on it and materially injured it. The break in Gage's building was one and one-half feet above the wall of Hall and the undisputed testimony shows that the wall left standing on Gage's land after the fire was not in any way undermined by the erection of the building of Hall, but, as a matter of fact, was strengthened by it. The fall of the wall of Hall's building occurred on the 18th day of October, 1913. Gage resided in Hot Springs and knew that the wall was standing there and had taken no steps to remove it or to make it safe.

There is some testimony from which it might be inferred that a rain accompanied by wind occurred in the city of Hot Springs on the day the wall fell, but the extent or violence of the wind is not shown by the record.

After the fire Hall, in erecting his building, used "reinforced concrete with iron," and at that time there was a city ordinance which required that a building be constructed of stone, brick or iron.

The plaintiff requested the court to give instruction No. 1 as follows: "The court instructs the jury that the collapse of a building or falling of a wall is *prima facie* evidence of negligence, and imposes a burden upon the owner to show that the accident happened without his negligence." The court, over the objection of the plaintiff, modified the instruction by adding thereto the words: "Unless such presumption has been sufficiently explained or rebutted by other proof shifting such burden."

The plaintiff also asked the court to give instruction No. 2, which is as follows: "It is the duty of an owner of a building to take reasonable care that it shall not fall and injure others; and therefore, the mere fact of the fall of a building, whereby a person lawfully on adjoining premises, is injured, raises a presumption that the owner of the building has been negligent." The court, over the objection of the plaintiff, modified in the same manner as in instruction No. 1.

The plaintiff requested instruction No. 4 as follows: "The jury are instructed that the fact, if shown by the evidence, that Hall was erecting a building on his property in violation of a city ordinance, is no defense to this action, and, if true, will not permit the owner from recovering for his injuries if otherwise entitled thereto." The court modified this instruction by adding thereto the words: "Unless such violation of the city ordinance was the proximate and contributing cause of his injury."

The court, over the objection of the plaintiff, also gave at the request of the defendant instruction No. 1, as follows: "The court instructs the jury that before you can find for the plaintiff you must find from the evidence that the injury to the property of plaintiff was caused by the negligence of the defendant, unless you find that the falling of said wall was negligence within itself, and unless the plaintiff has established the negligence of the defendant, and the injury was the result of such negligence, by a fair preponderance of the evidence, then you will find for the defendant."

The jury returned a verdict for the defendant and the plaintiff has appealed.

In the case of *Ainsworth* v. *Lakin,* 57 L. R. A. 132, the Supreme Court of Massachusetts held: ''The owner of walls left standing by a fire, which can not be used for rebuilding, owes adjoining owners the duty, after a reasonable time for investigation, to exercise such care in the maintenance of walls likely to fall on their property as will absolutely prevent injuries except from causes over which he would have no control, such as *vis major,* acts of public enemies, or wrongful acts of third persons which human foresight could not reasonably be expected to anticipate and prevent.''

In the case of *Earl* v. *Reid,* 18 Am. & Eng. Ann. Cases, page 1; 21 Ontario Law Reports, 545, Teetzel, J., said: ''I think it is the plain duty of every owner of land to keep the buildings or structures thereon in such a condition that they shall not, by falling or otherwise, cause injury to persons lawfully on adjoining lands. In other words, every owner of a building is under a legal obligation to take reasonable care that his building shall not fall in the street or upon his neighbor's land and injure persons lawfully there.

''While the owner can not be charged for injuries caused by inevitable accident, the result of *vis major* or of the wilful act or negligence of some one for whom he is not responsible, he is liable for injuries caused by the failure on his part to exercise reasonable care.''

(1) The fact that the wall fell is *prima facie* evidence of negligence in conformity with the maxim, *res ipsa loquitur.* Thompson's Commentaries on the Law of Negligence, volume 1, paragraph 1213. See, also, paragraph 1060 of the same volume. To the same effect see *Earl* v. *Reid. supra.*

(2) It follows from these principles of law that the court erred in modifying instructions Nos. 1 and 2, asked by plaintiff, and in giving instruction No. 1, asked by defendant. Moreover, in the present case, the undisputed evidence shows that there was left standing on the de-

fendant's land after the fire, which occurred on September 5, 1913, a wall twenty-four feet high, and that the upper part of this wall could not be used should the defendant decide to rebuild on his lots. The defendant saw the wall standing there after the fire, and it was patent and obvious to him that the upper portion of it could not be used by him again in rebuilding upon his property. He permitted it to stand there without any effort to remove it or to prop it up so it would not injure the property of persons on the adjoining land. It was his duty not to suffer such a wall to remain on his land where its fall would injure his neighbor, without using such care in the maintenance of it as would absolutely prevent injuries, except from causes over which he had no control. According to the undisputed evidence, he permitted it to remain there in this dangerous condition from September 5 until October 18 without any effort whatever to remove it or to prop up the upper portion of it. There was, therefore, no testimony in the case upon which to predicate the modifications to instructions Nos. 1 and 2, asked by the plaintiff.

(3)   We are also of the opinion that the court erred in modifying instruction No. 4, asked by plaintiff, by adding the words: "Unless such violation of the city ordinance was the proximate and contributing cause of his injury." There was no testimony upon which to base this qualification of the instruction. According to the undisputed testimony, plaintiff, in erecting his building, did nothing whatever to undermine or cause to fall the wall of the defendant. If he had erected his building of stone, brick or iron, the falling of the wall would have injured it just the same. There is no testimony in the record tending to show that plaintiff's erecting a concrete building in any way caused the injury to his property.

(4)   The plaintiff insists that the judgment should be reversed and a judgment entered here in his favor because, he says, the cause had been fully developed and the undisputed evidence shows the amount of damages suffered by him. He states in his abstract that his damages

amounted to $1,700. But he does not abstract his testimony on this point, and we are not required to explore the record to see whether the testimony on this point is undisputed. Counsel for the defendant deny that it is undisputed and aver that the damage sustained by the plaintiff, as shown by the record, amounts to only about half the amount claimed by plaintiff.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.