## KILPATRICK *v.* ROWAN.

### Opinion delivered June 7, 1915.

1. TRIAL—RIGHT TO OPEN AND CLOSE—ACTION ON NOTE—NON COMPOS DEFENDANT.—In an action on a promissory note, the defendant's guardian answered, denied liability on the ground that the defendant was *non compos mentis*, when the note was executed; *held*, the burden of proof was on the plaintiff and he had the right to open and close the argument.

2. APPEAL AND ERROR—GROUNDS FOR REVERSAL NOT RAISED BELOW.—A ground for reversal can not be raised on appeal, which was not incorporated in the motion for a new trial.

3. EVIDENCE—PAYMENT OF CONSIDERATION.—It is competent to show that the consideration has not been paid as recited in a written instrument.

4. ACTIONS—TRANSFER—ACTION ON NOTE.—An action is triable at law, which is brought on a promissory note, and the plea interposed that the defendant was *non compos mentis* when he executed the note and it is proper for the law court to refuse to transfer the cause to equity.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee brought suit against William Kilpatrick on a promissory note for $4,000, alleged to have been executed by said Kilpatrick as consideration for the sale of a certain tract of land conveyed to him on the 9th day of April, 1912, by a warranty deed.

The complaint alleged that the note recited that no lien was retained for the purchase money and that a guardian had been appointed for said Kilpatrick in September, 1912, on the alleged ground of insanity.

The guardian answered, making a statutory denial of the allegations relative to the sale of the land and the execution of the note, and alleged further the incompetency of the defendant to contract at the time and that plaintiff had on the 5th day of August, 1912, conveyed certain other lands to said Kilpatrick for a certain designated consideration. That his said ward was *non compos mentis* at the time and incapable of making the contract and that all of the notes and deeds, including those sued on should be cancelled and the property reconveyed to the plaintiff by authority of the chancery court. That the title should be divested from the defendant, Kilpatrick, and vested in the plaintiff and moved to transfer the cause to equity, which motion was denied.

The note was introduced in evidence and it was shown by the testimony of Mr. Young, a notary public, that the note was executed by Kilpatrick at the time the deed of conveyance of the land was made to him by Rowan and wife.

Rowan also testified relative to the transaction over the objections of the guardian. There was testimony relating to the value of the lands and to the mental capacity of the maker of the note.

The jury returned a verdict in favor of the plaintiff for the amount of the note sued on, from the judgment upon which this appeal is prosecuted.

*H. B. Means* and *Wm. R. Duffie,* for appellant.

1.   The transfer to equity should have been allowed. The matter was *exclusively of equitable jurisdiction,* and should have been settled in one suit. 1 Pom. Eq. Jur., § 254; 53 Ark. 303; 87 *Id.* 85.

2.   Transactions with insane persons can not be proven. Kirby's Dig., § 3093.

3.   Defendant was entitled to open and close the argument, the burden of proof being upon him. 82 Ark. 331.

*J. C. Ross* and *D. D. Glover,* for appellee.

1.   The motion to transfer was properly denied. The law court had jurisdiction. 93 Ark. 103; 105 *Id.* 5.

2. Kirby's Digest, § 3093, does not apply, but if it was error to admit the testimony of Rowan, it was waived. 66 Ark. 292; 67 *Id.* 47; 75 *Id.* 251. The facts testified by Rowan were otherwise proved, and the testimony was not prejudicial. 68 Ark. 607; 74 *Id.* 417; 82 *Id.* 447; 105 *Id.* 180.

3. It is permissible to show by parol evidence the real consideration for a deed for right-of-way. 86 Ark. 309; 90 *Id.* 426; 99 *Id.* 218.

4. The objection to testimony was not made at the trial, and was not preserved in the motion for new trial. 79 Ark. 470; 105 *Id.* 353; 85 *Id.* 396-405; 110 *Id.* 379-388.

5. The burden was on plaintiff, and he had the right to open and close the argument. 82 Ark. 331.

KIRBY, J., (after stating the facts). (1) It is contended for appellant that the court erred in refusing him permission to open and close the argument to the jury and also in permitting the appellee to testify about the transaction with the ward of appellant.

The statute provides that "The burden of proof in the whole action lies on the party who would be defeated, if no evidence were given on either side" (section 3107, Kirby's Digest), and also that it is the duty of the guardian of a person of unsound mind to file an answer denying the material allegations of the complaint, prejudicial to such defendant. Section 6107, Kirby's Digest.

The answer herein denied the execution of the note sued on, and if no evidence had been introduced, judgment must necessarily have been rendered for the defendant, and this notwithstanding there was no plea of *non est factum.* The genuineness of the instrument could have been contested under the denials of the answer. *St. Louis, I. M. & S. Ry. Co.* v. *Smith,* 82 Ark. 109; *Hall* v. *Ray,* 85 Ark. 272.

Since the burden of proof was on the plaintiff, he had the right to open and close the argument, and the court committed no error in its ruling upon the question. Section 6196, Subdivision 6, Kirby's Digest.

(2) No exceptions and objections to the testimony of appellee relating to the transaction with the ward, William Kilpatrick, are incorporated in the motion for a new trial as grounds therefor and same are thereby waived. *St. Louis S. W. Ry. Co.* v. *McNeil*, 79 Ark. 470; *Thomas* v. *Jackson*, 105 Ark. 353; *Burrow* v. *Hot Springs*, 85 Ark. 405.

(3) The grounds numbered 11 and 12 of the motion for a new trial are the only ones that even mention anything relative thereto and in one, it is claimed that the court erred in permitting the note sued on to be exhibited in evidence and considered by the jury, and in the other that the court erred in permitting the appellee to contradict the recitals in the deed of conveyance acknowledging the payment of $4,000 in cash. Neither of these assignments disclose that the objection was made to the competency of the witness to testify about a transaction with the ward.

The appellant guardian, himself, introduced the deed of conveyance with its recital of payment in evidence upon cross-examination of the appellee, and it is complained that the court erred in allowing the witness to contradict the recitals of the deed. It is competent, however, to show that the consideration has not been paid as recited in the written instrument. *Cox* v. *Smith*, 99 Ark. 218; *Magill Lbr. Co.* v. *Lane-White Lbr. Co.*, 90 Ark. 426.

Appellee after the recital of the deed acknowledging payment was introduced in evidence by appellant, stated that he took the note in payment of the purchase money of the land and that no lien was retained therefor. He was testifying about the deed made by himself and at the instance of the guardian in doing so. Moreover, the testimony of disinterested witnesses showed the execution of the note by William Kilpatrick and there was no testimony attempted to be introduced showing the same had been paid, except the recital of the deed already mentioned.

(4) Neither did the court err in refusing to transfer the cause to equity. Appellee had the right to bring his action upon the note in a court of law and to have a trial

thereof by a jury and appellant's remedy at law was adequate, since he had the right to show that his ward was incompetent to transact business at the time of the execution of the note sued on, as a defense thereto. The answer in fact did not set up any equitable relief to which appellant was entitled.

The evidence tends strongly to show that William Kilpatrick was of unsound mind and not capable of contracting at the time of the transaction and execution of the note and that he was overreached and imposed upon in the sale of the lands at the price agreed upon, but all the issues were submitted to the jury under fair instructions and they have found in appellee's favor, and the verdict is not without sufficient evidence to sustain it.

The record discloses no prejudicial error and the judgment is affirmed.