HALL v. GAGE.

Opinion delivered October 18, 1915.

1. WITNESSES—WHEN NOT UNDISPUTED.—Plaintiff sued defendant for damages occasioned by a falling wall. No one testified as to the amount of damages except plaintiff's son who was interested in the property damaged. *Held*, it could not be said that the evidence was uncontradicted, on the issue of the amount of damages, and the jury being the judges of the credibility of the witnesses, a verdict awarding damages in a sum less than the amount testified to by plaintiff's son, will not be disturbed on appeal.

2. APPEAL AND ERROR—FAILURE TO BRING UP QUESTION PROPERLY.—Where a matter is a proper subject for a bill of exceptions, but was not incorporated in a motion for a new trial in the court below, it will not be considered an appeal.

Appeal from Garland Circuit Court; *Scott Wood*, Judge; affirmed.

*Davies & Davies*, for appellant.

1. If plaintiff was entitled to anything he was entitled to $1,500.00. The complaint was sworn to; the answer was not verified. 60 Ark. 394; 31 *Id.* 161. An affidavit is evidence. Kirby's Dig., § 3146. The proof of the damage is ample. 31 Ark. 161; 116 Ark. 50.

*C. Floyd Huff*, for appellee.

There is no proof of damage and the judgment should be reversed on cross-appeal and the action dismissed. No negligence whatever was shown. The wall was blown down by a storm and appellee was not liable for an act of God.

HART, J. J. H. Hall and Vince Gage owned adjoining buildings in the city of Hot Springs, Arkansas, which were destroyed by fire on September 1, 1913. Hall

began the erection of a new building and just after it was completed the wall of the building belonging to Gage, which had been left standing after the fire, fell over and crushed the new building of Hall. Hall sued Gage to recover damages and alleged that the damage to his building was due to the negligence of Gage in leaving his wall standing after the fire. This is the second appeal in the case. The judgment in favor of the defendant was reversed on the former appeal and reference is made to that opinion for a mere extended statement of the issues. See *Hall* v. *Gage,* 172 S. W. 833, 116 Ark. 50.

On a retrial of the case the jury returned a verdict for the plaintiff Hall in the sum of $350.00 and from the judgment rendered Hall has duly prosecuted an appeal to this court. Gage prosecuted a cross-appeal.

(1) The plaintiff in his complaint asked for damages in the sum of $1500. The jury returned a verdict in his favor for $500. The plaintiff then asked for judgment for the full amount notwithstanding the verdict of the jury and his contention here is that the court erred in not granting his request. In other words, he contends that under the undisputed evidence he was entitled to the amount sued for. We do not agree with him in this contention. It is true that no witness testified as to the amount of his damages except his son and that the jury might have found from the testimony of Hall's son that he was damaged in the sum of $1500, the amount sued for. But we do not think, under the circumstances, that it can be said that his testimony was undisputed. The plaintiff himself did not testify and it appears from the testimony of his son that the son was interested with his father in the building which was destroyed. Both the questions asked by plaintiff's counsel and the answers made by the son indicate that the son was greatly interested in the building and was, therefore, directly interested in the result of the law suit. Moreover, the witness described the condition of the walls and the kind of building which had been erected by his

father and himself. In other words, by the testimony elicited from him on his direct examination and cross-examination the jury were fully informed as to the character and kind of building erected and the probable damage thereto.

There was the added circumstance that the witness had testified as to other material issues and had been flatly contradicted by the evidence adduced in behalf of the defendant. The jury were the sole judges of the credibility of the witnesses and in weighing their testimony had a right to believe all or a part of the testimony of any witness. They had the right to receive that part of the testimony which they believed to be true and to reject that part which they believed to be false. When all these circumstances are considered we do not think it can be said that the testimony adduced in behalf of the plaintiff was uncontradicted and that for that reason the judgment should be reversed, or that judgment should be rendered here in behalf of the plaintiff for the full amount sued for.

(2) On the part of the defendant it is contended that the judgment should be reversed because he offered to prove that his wall had been blown down by an unusually violent wind storm and thereby occasioned the damage to plaintiff's building, and the court refused to allow him to make this proof.

We cannot pass upon this contention of the defendant. He did not file a motion for a new trial and hence we cannot review the alleged assignment of error. The assignment complained of was a proper subject for a bill of exceptions, but not having been made a ground for a motion for a new trial, we can not consider it here. *Prairie Creek Coal Mining Co.* v. *Kittrell,* 106 Ark. 138; *Thomas* v. *Jackson,* 105 Ark. 353. Many other decisions might be cited, but the question has been so thoroughly settled by this court that further citation of authority is not necessary.

It follows that the judgment must be affirmed.