FERGUSON v. LEACH.

4-8133 199 S. W. 2d 305

Opinion delivered January 13, 1947.

*W. F. Reeves*, for appellant.

*N. J. Henley,* for appellee.

MINOR W. MILLWEE, Justice. Appellees are citizens of Searcy county, Arkansas, and filed a petition in the Searcy County Court September 7, 1946, praying that a county-wide local option election be called under the provisions of Initiated Act No. 1 of 1942 (Acts 1943, p. 998) to determine whether license should be granted for the manufacture, sale, bartering, loaning, or giving away of intoxicating liquors in the county.

After proper notice the county court ordered a hearing on the petition for September 16, 1946, when appellant, R. M. Ferguson, was permitted to file an intervention. This intervention charged various irregularities in the petition and alleged that it did not contain 15 per cent of the qualified electors of Searcy county as required by said Initiated Act No. 1. The County Court granted the petition and ordered an election to be held on October 15, 1946. An appeal was taken from this order to the Circuit Court on September 24, 1946, and the date of the election was postponed pending outcome of the appeal.

On October 22, 1946, the matter was heard *de novo* in the Circuit Court which found that there were 2,231 valid poll tax receipts issued as shown by the county records; that not more than 20 of the 919 names of electors who signed the petition were shown to be irregular, and the number remaining exceeded the 335 (15 per cent.) required by the initiated act. The petition was again sustained and the matter remanded to the County Court with directions to proceed with the election according to law.

In his motion for a new trial, appellant listed five separate assignments of error, none of which are now urged as grounds for reversal of the Circuit Court judgment. Appellant states in his brief that he has decided to press only one issue for reversal of the judgment,

namely, that appellees failed to prove by legal testimony the number of qualified electors in Searcy county, and that there is, therefore, no basis for the trial court's conclusion that 15 per cent. of the qualified voters of the county signed the petition. .

The record reflects that the Sheriff and Collector of Searcy county on October 10, 1945, filed with the County Clerk a list of all persons who paid poll taxes between the third Monday in February, 1945, and first day of October, 1945. This list was duly authenticated by the personal affidavit of the Collector and contained 2,231 names. The list has since remained on file in the Clerk's office subject to public inspection. It was recorded by the County Clerk, but the affidavit of the Collector was inadvertently omitted from the record copy. When this omission was discovered at the trial, appellee offered in evidence the original list filed with the County Clerk. Appellant objected and saved his exceptions to the ruling of the court in permitting its introduction. But this objection and exception was not incorporated in the motion for new trial as grounds therefor. Under the long established rule of this court, an exception to the introduction of evidence which is not preserved in the motion for new trial will be considered waived and not subject to review in this court on appeal. *St. Louis Southwestern Railway Co.* v. *McNeil,* 79 Ark. 470, 96 S. W. 163; *Thomas* v. *Jackson,* 105 Ark. 353, 151 S. W. 521; *Kilpatrick* v. *Rowan,* 119 Ark. 175, 177 S. W. 893. See, also, West's Arkansas Digest, vol. 2, Appeal and Error, pp. 416-20.

It thus appears that appellant has waived his right to now object to the action of the trial court in admitting the list of electors, by failing to preserve his exception in the motion for new trial.

However, this court, in the recent case of *Shay* v. *Welch,* 209 Ark. 519, 191 S. W. 2d 253, held adversely to the present contention of appellant that the admitted list of voters was insufficient to establish the number of qualified electors of the county. In that case a list of voters had been certified by the acting Sheriff, but was not

sworn to by any officer. We there held that, while the list did not comply with the requirements of § 4696 of Pope's Digest, as amended by § 1 of Act 82 of 1939, and was not conclusive evidence of the listed voters' qualifications, the County Court had a right to accept the list as at least *prima facie* evidence of the identity and number of qualified electors in determining the sufficiency of the petition. We there said: "Certainly the exercise of such a vital democratic process as the right to call an election authorized by law on the demand of the proper number of electors may not be entirely thwarted by the mere failure of a Sheriff to swear to the list of poll tax payers. *Henderson* v. *Gladish,* 198 Ark. 217, 128 S. W. 2d 257; *Hargis* v. *Hall,* 196 Ark. 878, 120 S. W. 2d 335."

The case of *Trussell* v. *Fish,* 202 Ark. 956, 154 S. W. 2d 587, involved the contest of a primary election where the Collector certified the list of poll tax payers but failed to make the affidavit required by § 4696, Pope's Digest. This court held that presumptive verity of the list continued until something more than the failure to make the oath had been shown and that there was a substantial compliance with the statute. It was there said: "There would be a subversion of purpose and a sacrifice of popular will if we should say that in a primary election the unintentional failure of a ministerial officer to perform strictly all functions which are made mandatory with respect to verification of poll tax lists, continues to be imperative after the lists, unaffected by fraud, and substantially correct in all other essentials, have performed the service intended by the legislative authority."

The list of voters admitted in evidence in the instant case is alphabetically arranged according to voting townships as required by statute. It is not contended that it does not represent a true list of the qualified electors of Searcy county and there is no intimation of fraud. The trial court correctly accepted it as at least *prima facie* evidence of the identity and number of qualified electors of Searcy county in determining the sufficiency of the petition under the initiated act. We are also of the opin-

ion that good cause has been shown for the issuance of an immediate mandate (§ 2777, Pope's Digest).

No error appearing, the judgment is affirmed and immediate mandate ordered issued.