SAINT LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* STATE.

Opinion Delivered January 19, 1901.

1. PLEADING—SUFFICIENCY OF INDICTMENT AS COMPLAINT.—Although the statute which provides a penalty for failure of a railroad company to signal at a highway crossing contemplates a recovery by civil action, a pleading in the form of an indictment may be good as a complaint at law if it contains allegations sufficient to disclose a violation of the statute. (Page 564.)

2. PLEADING—ALLEGATION OF VENUE.—A complaint in a penal action against a foreign railway company which alleges that defendant, doing business in the state and complying with the laws relating to foreign corporations, ran a train over a certain highway crossing without making the statutory signals sufficiently states that the offense was committed within the state. (Page 564.)

3. JUDICIAL NOTICE—COUNTY SEATS.—As the courts take judicial notice of the location of county seats, it is unnecessary to allege it in a pleading. (Page 565.)

4. SAME—POLITICAL TOWNSHIPS.—The courts take judicial notice of the division of counties into judicial districts and townships and of the location of a particular township with reference to the two judicial districts of a county. (Page 565.)

5. APPEAL—DEFAULT JUDGMENT—WANT OF NOTICE.—A judgment by default will be reversed on appeal if the transcript fails to set out a summons showing service upon defendant, or to allege that defendant appeared in the action before judgment. (Page 566.)

6. SAME—SUFFICIENCY OF APPEARANCE.—By appearing in the action after judgment by default for the purpose of moving in arrest of judgment, and for a new trial, defendant did not waive the objection that the judgment was rendered without notice. (Page 566.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

*Oscar L. Miles* and *Dodge & Johnson,* for appellant.

The suit contemplated by the statute (Sand. & H. Dig., § 6196) is a civil suit, and a proceeding by indictment was not warranted. 55 Ark. 550; *ib.* 206; 56 Ark. 156, 157. The default judgment rendered on the indictment is voidable by

36

direct attack.  93 U. S. 283, 284.  The indictment did not lay the venue, and hence is fatally defective.  58 Ark. 41; 12 Ark. 399;  34 Ark. 497;  41 Ark. 42;  54 Ark. 546.  No service is shown, and hence no default judgment could be rendered.

*Jeff Davis*, attorney general, and *Charles Jacobson*, for appellee.

The indictment against appellant was sufficient as a complaint in the proceeding authorized by statute.  54 Ark. 546; 58 Ark. 39.  The court takes judicial notice of towns, counties and townships.  53 Ark. 48; 29 Ark. 293; 7 Pet. 324.

BATTLE, J.  On the 13th of September, 1899, the grand jury of the Sebastian circuit court for the Greenwood district returned into said court an indictment in the words and figures following:

"The grand jury accuses the defendant of failing to ring a bell or sound a whistle at a road crossing in this:  On August 18, 1899, defendant being a corporation organized under the laws of Missouri, doing business in the state of Arkansas and complying with her laws providing for the doing of business in this state by foreign corporations, unlawfully did fail to ring a bell and fail to sound a whistle at or near or within 80 rods of the crossing of the railroad belonging to defendant running from Fort Smith to Greenwood, and the Fort Smith and Waldron wagon road, at road district No. 3 in Marion township, at which time and place defendant did run and cause to be run southward over said railway and across said road district a locomotive engine and train of cars, said engine bearing a number which is unknown to the grand jury, but which is believed to be "62," against the peace and dignity of the state of Arkansas."

On the third day of January, 1900, it being the third day of the January term, 1900, of the Sebastian circuit court for the Greenwood district, the state of Arkansas, by its prosecuting attorney, demanded a trial of the St. Louis, Iron Mountain & Southern Railway Company, in said court, under the indictment against it, which was ordered; and, the defendant not

being present in person or by attorney, a plea of not guilty was entered for it, and a jury was impaneled to try the issues thereby joined; and the plaintiff introduced witnesses, who testified substantially as follows:

That the defendant failed to ring a bell and failed to sound a whistle at or near or within 80 rods of a crossing of the railroad belonging to the defendant, running from Fort Smith to Greenwood, and the Fort Smith and Waldron wagon road in district No. 10, in Marion township, at which time and place the defendant did run and cause to be run southward over said railroad and across said road district a locomotive engine and train of cars, said engine being a number unknown to the grand jury, but which is believed to be "62."

The plaintiff introduced also a mortgage executed by the St. Louis, Iron Mountain & Southern Railway Company, which on its face showed that the St. Louis, Iron Mountain & Southern Railway Company was a consolidated corporation, duly organized under the laws of Missouri and Arkansas, and the plaintiff thereupon rested its case.

The court instructed the jury, and they afterwards returned a verdict in favor of the plaintiff against the defendant for two hundred dollars, the penalty allowed by the statute for the failure specified in the indictment, and the court rendered judgment accordingly.

On the 5th day of January, 1900, the defendant filed a motion to arrest the judgment as follows: "Comes the defendant, the St. Louis, Iron Mountain & Southern Railway Company, and moves the court to arrest the judgment in this cause rendered on the 3d day of January, 1900, and for cause says: (1) That there was no sufficient indictment pending against this defendant upon which this defendant could be tried. (2) That the alleged indictment against this defendant did not state facts sufficient to constitute a public offense under the laws of this state. (3) That the facts stated in the alleged indictment do not constitute a public offense within the jurisdiction of the court."

The court overruled this motion; and the defendant thereupon filed a motion for a new trial, which, omitting its caption,

is as follows: "Comes the defendant, the St. Louis, Iron Mountain & Southern Railway Company, and moves the court to set aside the verdict in this cause rendered, and grant it a new trial, and for cause says: (1) The court erred in forcing the defendant to trial in the absence of counsel for the defendant on the first day of the term of this court. (2) The court erred in overruling defendant's motion in arrest of judgment in this cause. (3) The verdict of the jury is contrary to the law. (4) The verdict of the jury is not supported by sufficient evidence. (5) The verdict of the jury is against both the law and the evidence. (6) The court erred in admitting illegal and incompetent evidence against the defendant upon the trial of the cause."

The motion for new trial was filed on the 20th of January, 1900, and was on the same day overruled by the court; and the defendant appealed.

Appellant's first contention is that appellee sought to recover the penalty sued for by an indictment, which could be recovered only in a civil proceeding, and that the court below was therefore without jurisdiction. It is true that the penalty can be recovered only by a civil action. *Railway Company* v. *State*, 55 Ark. 200; *Kansas City, Springfield & Memphis Railroad Company* v. *State*, 63 Ark. 134. The statement of the facts constituting plaintiff's cause of action, though in the form of an indictment, could have been properly treated as a complaint. It contained allegations which were intended to disclose a violation of the statute, and was intended to serve as a demand for the penalty for such violation. "It was prepared and signed by the prosecuting attorney, and its prosecution was subject to his discretion and control as fully as if he had filed an ordinary complaint." "For all practical purposes, the suit was as much a suit by the prosecuting attorney as though it had been begun by formal complaint expressed in the aptest technical phraseology." *Railway Company* v. *State*, 55 Ark. 200.

Appellant insists that the complaint in this action is defective because it does not state that the failure to ring a bell or sound a whistle was within this state or the Greenwood dis-

trict of Sebastian county.    We find no defect in this respect.
It is alleged in the complaint that "defendant    *    *    *    do-
ing business in the state of Arkansas, and complying with her
laws providing for the doing of business in this state by
foreign corporations, unlawfully did fail to ring a bell, and
fail to sound a whistle," etc.    The obvious meaning of this
allegation is that the failure occurred while the defendant was
doing business in this state.    At this time it is alleged that
the "defendant did run and cause to be run southward, over
said railway and across said road district, a locomotive engine
and train of cars "    Taking these allegations together, we un-
derstand the complaint to mean that the defendant, while run-
ning a train of cars over a railway in this state, failed to ring a
bell or sound a whistle at the time and place mentioned.    If
this be true, the failure was within this state.    The place men-
tioned was at least eighty rods from the place where the rail-
road belonging to the appellant and running from Fort Smith
to Greenwood crosses the Fort Smith and Waldron wagon road.
We take judicial notice of the fact that the places of Fort
Smith and Greenwood in this state are towns in Sebastian
county , the former being the county seat of the Fort Smith
district, and the latter of the Greenwood district, in said county.
But the county is divided into these two districts, and each one,
for judicial purposes, is constituted a county, and actions for
penalties must be brought in the county where the cause, or
some part thereof, arose (Sand. & H. Dig., § 5685).    Did the
cause in this case arise in the Greenwood district, in which
this action was brought?

The failure to ring the bell or sound the whistle, it is
alleged, was at "road district No. 3, in Marion township."
Can we take judicial notice of the fact that Marion township is
within the Greenwood district?    In *Bittle* v. *Stuart*, 34 Ark.
227, this court held that "the courts take judicial notice of
the United States system of land surveys, with the base lines,
meridians, townships and ranges thereby established, and the
relative positions of the sections in the townships; also of the
division of the state into counties, and the boundaries of these
counties as described in public acts; and also of the principal

geographical features of the state, including the navigable rivers." In *Wilder* v. *State*, 29 Ark. 293, it was held that the jury could take notice of the fact that Richmond, a small town, was in the county of Little River; and in *Webb* v. *Kelsey*, 66 Ark. 180, it was held that "courts must take judicial notice of who are justices of the peace within their territorial jurisdiction."

The division of counties into townships is made necessary by the constitution of the state, which ordains that the qualified electors of each township in the state shall elect at least two justices of the peace, who shall be commissioned by the governor, and a constable. It is made the duty of these justices of the peace to sit with and assist the county judge in levying the county taxes, and in making appropriation for the expenses of the county. A majority of them is made necessary to constitute a quorum for that purpose. In many ways such townships are important and necessary in the enforcement of the laws of the state. This being true, and courts taking judicial notice of the fact that a small town is in a certain county, of the principal geographical features of the state, and who are justices of the peace within their territorial jurisdiction, it seems that they ought to take notice of the division of counties into townships within their territorial jurisdiction, a matter of as much importance and as well known as many of those of which they do take notice. It follows, then, that the court below should have taken judicial notice of the fact that Marion township in Sebastian county was and is in the Greenwood district; and, being a matter of which judicial notice is taken, it need not have been stated in the complaint. Sand. & H. Dig., § 5751.

It is next contended by appellant that the judgment rendered against it is void because no process was served upon it, and no appearance was entered by it before the rendition of the judgment. While the transcript in this case purports to be a full and complete copy of all the record entries, of the indictment, and of the original papers, and is certified to be such, it contains no copy of a summons or other process. In the judgment it is stated that the defendant came not, and the

court ordered a plea of not guilty to be entered. Nowhere in the transcript is it shown that notice of the pendency of the action was served upon the appellant, or that it appeared in the action before the judgment. This being true, the judgment should be set aside. *Baskins* v. *Wylds*, 39 Ark. 347, 352.

The judgment of the court below is therefore reversed with costs, and the cause is remanded to be proceeded in as if the appellant was duly served with process in this action.