### CONWAY *v.* SUMMERS.

### Opinion delivered March 26, 1928.

1. HIGHWAYS—METHOD OF ROAD WORKING—REPEAL OF SPECIAL ACT.— Sp. Acts 1911, p. 1015, relating to the working of public roads in cities and towns in Faulkner County, *held* repealed by Sp. Acts 1919, p. 222, the latter act providing a complete scheme for road work in such county.

2. STATUTES—TITLE OF ACT.—While the language of the title of an act is not controlling, it has some force in interpreting the meaning of the lawmakers, when such meaning is otherwise in doubt.

3. HIGHWAYS—DISTRIBUTION OF ROAD FUNDS.—Sp. Acts 1919, p. 222, conferring power on the Faulkner County Court over the expenditure of county funds on public roads and bridges, was repealed by Acts 1927, p. 221, which provides for appropriation of 50 per cent. of the road tax collected on real and personal property situated within cities of the second class for improvement of streets in such cities.

4. HIGHWAYS—DISTRIBUTION OF ROAD FUNDS.—Acts 1927, p. 221, relative to distribution of the road tax collected in cities of the second class, *held* to apply to taxes levied in 1926 and collected for the year 1927, as well as to taxes levied and collected thereafter, in view of § 2, making the act applicable to the year 1927 and future years.

Appeal from Faulkner Chancery Court; *W. E. Atkinson,* Chancellor; reversed.

*Geo. F. Hartje,* for appellant.

*Guy E. Williams,* for appellee.

MEHAFFY, J. The appellant, a city of the second class in Faulkner County, Arkansas, brought this suit against the appellee, the sheriff and collector of Faulkner County, and alleged, among other things, that the appellee had in his possession the sum of $6,000, collected within the corporate limits of Conway, and that the city of Conway was entitled to 50 per cent. of the amount.

The defendant filed a demurrer on the ground that, by virtue of the provisions of special act of 1911 and 1919, the provisions of act 81 of 1927 did not apply to the city of Conway, in Faulkner County, in so far as the provision of the three-mill road tax is concerned; and second, that, under the provisions of act 81 of 1927, the 50 per cent. division did not apply to and affect the division of the said road tax levied and collected by the defendant for the year 1927.

Act No. 361 of Acts of 1911 is a special act, and is entitled, ''An act to better provide for the working of public roads in cities and towns in Faulkner County,'' and to that end provided for the expenditure of not less than one-third of the road tax collected in any such city or town on the roads situated in such city or town.

Section 1 of the act provides that not less than one-third of the tax collected on property located in any city or incorporated town in Faulkner County, Arkansas, under the provisions of an act of the General Assembly of Arkansas approved May 8, 1897, entitled "An act to provide for levying a road tax for working roads and highways, repairing and building bridges, and for other purposes," shall be expended in working and making public roads and buildings and repairing public bridges located within said city or town, respectively. And it shall be the duty of the county court of said county, upon the examination and approval of the annual report and settlement of the tax collector, to determine the amount of road tax that has been paid on property located in any city or town in said county, and to appropriate and set apart not less than one-third of the amount of said tax collected in such city or town, to be expended on the roads and bridges in such city or town."

Under the provisions of this act the city of Conway, the appellant, would be entitled to not less than one-third of the tax collected on property located in said city.

One of the questions to be determined by this court is whether this act was repealed by act 143 of the Acts of 1919. Act 143 is entitled, "An act to change the method of working public roads in Faulkner County, Arkansas." And § 1 provides that the county court shall have power to provide, by proper order of said court, for the expenditure of funds of the county and funds arising from the levy of the three-mill tax in said county, in any road district or on any public road or bridge or culvert of said county, regardless of the district in which said tax has been or shall be paid.

While the writer does not believe that the act of 1919 repeals the act of 1911, a majority of the judges are of opinion that it does, for the reason that the act of 1911 is an act to provide for the working of public roads in cities and towns in Faulkner County, and the act of 1919, as expressed in its title, is an act to change

the method of working the roads in Faulkner County, Arkansas, and the act of 1919 provides a complete scheme for working the roads and highways and collecting and distributing the road fund in said county. And the act of 1919 covers the entire subject of working roads in Faulkner County.

This court said in a recent case:

"There are certain well settled rules to determine whether or not a former statute has been repealed by a later one, but there is always some difficulty, in applying these rules, in determining whether or not a repeal has been effected in a given instance. It is a rule of universal application that implied repeals are not favored, and yet it is equally well settled that there is an implied repeal where there is found irreconcilable repugnance between the two statutes, and also when the Legislature appears to have taken up the whole subject anew and covered the entire ground of the subject-matter of the former statute. In a recent decision we undertook to cover this subject in the following statement: 'It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and that the repeal will not be allowed unless the implication is clear and irresistible; but there are two familiar rules or classifications applicable in determining whether or not there has been such repeal. One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the later one which governs the subject, so far as relates to the conflicting provisions, and to that extent only. * * * The other one is that a repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new'." *State* v. *White,* 170 Ark. 880, 281 S. W. 678.

The above case cites a number of cases in the application of the above principle, and proceeds:

"Applying those tests to the statute now under consideration, we are of the opinion that, in enacting the last statute, the Legislature took up the whole subject anew as a substitute for the former legislation on the subject, and that it operated as a repeal of the former statute."

It is therefore the opinion of the court that, under the authority of the case last cited, the act of 1919 repealed the act of 1911; that it was a substitute, a change of the method of working public roads in Faulkner County, and, being a substitute, repeals the act of 1911.

It will be observed that the title of the act of 1911 is, "To better provide for the working of public roads," etc., and the title of the act of 1919 is, "To change the method of working public roads in Faulkner County." While the language of the title of an act is not controlling, as was said in the case of *State* v. *White,* it has some force in interpreting the meaning of the lawmakers when otherwise in doubt, and the language of this caption leads to the conclusion that the lawmakers intended it as a substitute for former legislation, and the caption, as we have said, recites that it is an act to change the method of working public roads in Faulkner County, Arkansas.

The next question is whether act 81 of the Acts of 1927 repealed act 143 of the Acts of 1919. The title of act 81 of 1927 is as follows: "An act to appropriate 50 per cent. of the road tax collected on real and personal property situated in cities of the second class for improvement of the streets in such cities."

Section 3 of act 81 of 1927 is as follows: "That the provisions of this act shall not rescind, repeal or otherwise amend any special law now in force which governs the division of similar road taxes in any city of the second class, within the purview of this statute."

The act of 1919 does not govern the division of the road taxes. It merely provides that the county court of Faulkner County shall have power to provide, by proper order of said court, for the expenditure of the funds of

the county and funds arising from the levy of the three-mill tax in said county in any road district or upon any public road or bridge or culvert in said county, regardless of the district in which said tax has been or shall be paid. But it does not provide for a division, and the act does not govern the division of road taxes. It simply leaves the question of the expenditure of the road fund to the county court as it was prior to the act of 1911.

The city of Conway, in Faulkner County, is therefore entitled to 50 per cent. of all road taxes collected by the tax collector in Faulkner County on property situated within the corporate limits of the city of Conway.

It is earnestly contended that, even if the provisions of act 81 of 1927 are applicable to the city of Conway, said provisions do not apply for the year 1926, as the road tax for the year 1927 will not be due until the year 1928. The act of 1927 was approved March 4, and § 2 of said act is as follows:

"That the provisions of this act shall apply to the road-tax collections on property within the corporate limits of said cities of the second class in this State for the year 1927 as well as for future years."

We think that this section means taxes collected in the year 1927. That seems to have been the intention of the Legislature as contained in § 2 of the act. And the Legislature, of course, had the right to enact this statute, and we therefore conclude that the provisions of the act apply to collections for the year 1927; that this means taxes collected in 1927, and not road taxes levied in 1927.

The decree of the chancery court is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.