JOHNSON COUNTY v. HARTMAN.

Opinion delivered July 9, 1928.

W. J. Morrow, for appellant.

J. J. Montgomery, for appellee.

MEHAFFY, J. The appellees brought separate suits in the Johnson Chancery Court for an injunction against Fred Russell, as sheriff of Johnson County, Arkansas, to prevent him from paying to the appellant, Johnson

County, any of the three-mill road tax and the $3 per capita road tax collected by said sheriff in the respective towns and city of Clarksville, and asked that the sheriff be required to pay to each of the appellees the amount of all road taxes collected in the corporate limits, less his commission.

The appellant, Johnson County, filed an intervention and a demurrer in each of the suits. The cases were consolidated, and one decree rendered. The court overruled the demurrers, and entered a decree dismissing the intervention for want of equity, and enjoined the sheriff from paying the road tax fund or any part thereof collected in said city and towns to Johnson County, and ordered and directed him to pay to the treasurer of Hartman $315.51, to the treasurer of Lamar $378.80, to the treasurer of Coal Hill $449.16, and to the city of Clarksville, a city of the second class, $2,204.34.

The appellant contends that act 219 of the Special Acts of the Legislature of 1921 was repealed by act 81 of the Acts of 1927. Act 219 of 1921 is "An act to grant to cities and incorporated towns in Johnson County the per capita and road tax collected within such cities and incorporated towns"; and act 81 of 1927 is "An act to appropriate 50 per cent. of the road tax collected on real and personal properties situated in the cities of the second class for improvement of the streets in such cities."

Section 1 of act 81 of 1927 reads as follows:

"That 50 per cent. of all the road tax collected by the tax collector in any county in this State, by reason of the three-mill road tax now levied by law on all property, both real and personal, situated in the corporate limits of every city of the second class in such counties, shall be by the collector paid over to the treasurer of every such city of the second class affected, and placed to the credit of the street funds of such cities of the second class, to be used exclusively in improving the streets thereof."

It will be observed that act 81 does not make any provision for appropriating the per capita tax in any county and does not make any provision for the appropriation of the road tax except in cities of the second class. It has no reference to incorporated towns. Act 81 of 1927 does not therefore repeal act 219 of the Acts of 1921 as to the per capita tax in cities of the second class, but does repeal act 219 as to the road tax collected in cities of the second class in Johnson County. Act 81 of 1927 does not repeal act 219 of 1921 as to the incorporated towns. Appellees insist, however, that § 3 of act 81 makes it plain that the Legislature did not intend to repeal any special law then in force governing the division of the road tax in towns and cities. Said section reads as follows: ''That the provisions of this act shall not rescind, repeal or otherwise amend any special law now in force, which governs the division of similar road taxes in any city of the second class within the purview of this statute''; but act 219 does not govern the division of road taxes in any sense. It specially provides that all of the road tax collected in cities and towns shall be expended in the city and town, and act 81 is a general act applying to every city of the second class in every county in the State. It covers the entire subject of road tax in cities of the second class, but it does not make any provision for the per capita tax nor any provision for any tax except in cities of the second class.

It is insisted that the repeal of statutes by implication is not favored in law, and courts will not hold to a repeal if they can find reasonable grounds to hold to the contrary. Appellees earnestly insist that act 81 of 1927 does not repeal act 219 of 1921, and they call our attention to numerous authorities supporting the contention that repeals by implication are not favored. We think, however, this question was settled in the case of *State* v. *White,* 170 Ark. 880, 281 S. W. 678, where the court said:

"There are certain well settled rules to determine whether or not a former statute has been repealed by a later one, but there is always some difficulty, in applying these rules, in determining whether or not a repeal has been effected in a given instance. It is a rule of universal application that implied repeals are not favored, and yet it is equally well settled that there is an implied repeal where there is found irreconcilable repugnance between two statutes, and also where the Legislature appears to have taken up the whole subject anew and covered the entire ground of the subject-matter of the former statute. In a recent decision we undertook to cover this subject in the following statement: "It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and the repeal will not be allowed unless the implication is clear and irresistible; but there are two familiar rules or classifications applicable in determining whether or not there has been such repeal. One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the later one which governs the subject, so far as relates to the conflicting provisions and to that extent only. * * * The other one is that a repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new." *State* v. *White,* 170 Ark. 880, 281 S. W. 678; *Conway* v. *Summers,* 176 Ark. 796, 4 S. W. (2d.) 19.

There is certainly irreconcilable repugnance between act 81 of 1927 and act 219 of 1921 as to the road tax in cities of the second class, and therefore the later law repeals the former. It is also true that the Legislature took up the whole subject of road tax in cities of the second class in every county of Arkansas, and it evidently intended act 81 of 1927 as a substitute, so far as the road tax in cities of the second class is concerned. This court has said that this may be done, although there may be

in the old law provisions not embraced in the new. In this case there is a provision in the old law as to incorporated towns and also a provision as to the per capita tax, and neither of these provisions is in the new law, but the new law does cover the whole subject of road tax in cities of the second class. There is no repeal of the 1921 law as applied to incorporated towns.

The decree of the chancellor will therefore be affirmed as to the town of Hartman, the town of Lamar and the town of Coal Hill, and will be reversed and remanded as to the city of Clarksville, with directions to enter a decree requiring the payment of only one-half of the road tax collected within the city of Clarksville to said city.