KENDALL *v.* RAMSEY.

Opinion delivered July 8, 1929.

*Festus O. Butt,* for appellant.

*James W. Trimble* and *Chas. D. James,* for appellee.

HART, C. J.   Lem Kendall, as county judge of Carroll County, Arkansas, prosecutes this appeal to reverse a judgment of the circuit court allowing Cletus Ramsey, as county treasurer of Carroll County, the sum of $2,799.02 as statutory commission of two per cent. on the common school funds which came into his hands for the quarter ending October 1, 1928, as said county treasurer. The county treasurer filed his quarterly report with the county judge for the quarter ending October 1, 1928, and asked commissions in the sum of two per cent. on the common school funds in his hands, which

commissions would amount to $2,799.02. The county judge disapproved his claim for commissions on the school funds, and the county treasurer took an appeal to the circuit court, which allowed the same.

The correctness of the decision of the circuit court depends upon the construction of two acts passed by the Legislature of 1927, fixing the salaries of county officers in certain counties. Act No. 69 was an act to fix the salaries of county officers in counties having two judicial districts and having a population in excess of 17,500 and less than 19,000. Section 1 of the act provides that in all such counties as above stated the county treasurer's commission on all school funds should be rebated to the common school fund of such county for apportionment by the county board of education. Section 2 of the act provides that all laws and parts of laws, general or special, in conflict with the act are hereby repealed, and that the act shall take effect and be in force from and after ninety days after the date of adjournment of the General Assembly. The act was approved March 2, 1927.

Courts will take judicial notice of the division of counties into two judicial districts. *St. L. I. M. & So. Ry. Co.* v. *State,* 68 Ark. 561, 60 S. W. 654, and *Lindsey* v. *Bloodworth,* 97 Ark. 541, 134 S. W. 959. Courts will also take judicial notice of the taking of an official census and the population thereby determined, whether of nation, State, county, or city. 15 R. C. L., p. 1129, § 56, and cases cited, and 23 C. J., p. 161, § 1987. Hence the court will take judicial notice that Carroll County has two judicial districts, and has a population, according to the Federal census, in excess of 17,500 and less than 19,000. The county treasurer would fall within the provisions of the act when it took effect; and the statute, having no emergency clause, would take effect ninety days after the Legislature adjourned. *State* v. *Davis,* 178 Ark. 692, 11 S. W. (2d) 479.

The same Legislature passed act No. 77, which was an act to repeal certain special acts regulating salaries

of certain county officers of Carroll County. Section 1 of the act provides that certain special acts of the Legislature, being five in number, which are specially named, and which are declared to be special acts relating to and fixing the salaries of certain officers of Carroll County, are hereby repealed. Sections 2 and 3 of the act read as follows:

"Section 2. That each and all of the officers of said county, as designated in each and all of said acts, whose salaries are fixed by such acts, shall receive the fees now fixed by law for their respective offices, as their full compensation for their services as such officers. "Section 3. That all acts or parts of acts in conflict with any of the provisions of this act be and the same are hereby repealed, and this act shall be in full force and effect from and after its passage and approval."

The act was approved March 3, 1927. This act did not contain an emergency clause, and also took effect ninety days after the adjournment of the Legislature. Act No. 69 will be found on page 183 and act No. 77 on page 210 of the Acts of Arkansas, 1927.

It is the contention of the county treasurer that act No. 77 repeals act No. 69, and that the county treasurer is entitled to the statutory commissions of two per cent. on the common school funds allowed by the general statute relating thereto. We do not agree with this contention. The courts have always leaned against repeals by implication, and subsequent laws do not abrogate prior ones unless they are irreconcilably in conflict. In other words, it is a rule of universal application that there must be a plain, unmistakable repugnancy before the courts will hold that a later act of the Legislature repeals a former act by implication. *Chamberlain* v. *State,* 50 Ark. 132, 6 S. W. 524; *Mays* v. *Phillips County,* 168 Ark. 829, 274 S. W. 5; *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649; *Cordell* v. *Kent,* 174 Ark. 503, 295 S. W. 404; *Taylor* v. *Rogers,* 176 Ark. 156, 2 S. W. (2d) 56; *England* v. *State Highway Commission,* 177 Ark. 157,

6 S. W. (2d) 23; and *Johnson County* v. *Hartman,* 177 Ark. 1009, 8 S. W. (2d) 469. Under these and many other cases which might be cited, it is held that, if two acts are repugnant in any of their provisions, the later act without any repealing clause operates, to the extent of the repugnancy, as a repeal of the first.

In the application of the rule, this court has held that a general affirmative statute does not repeal a prior particular statute or the particular provisions of a prior statute on the same subject, unless there is an invincible repugnancy between the two. In *McCord* v. *Louisville & Nashville Rd. Co.,* 183 U. S. 483, 22 S. Ct. 165, it was said:

"Repeals by implication are not favored, and are only allowed to the extent that repugnancy exists, and in order to give an act, not clearly intended as a substitute nor an earlier one, the effect of repealing it, the implication of the intention to do so must necessarily flow from the language used, bearing in mind the necessity and occasion of the law. And where it is plain that the new law is in aid of the purposes of the old law, the latter will not be held to be abrogated except so far as there is palpable inconsistency."

Act No. 69, as we have already seen, applies to the officers of Carroll County, and under its provisions the county treasurer would not be allowed commissions on the common school fund of the county, but such funds would have been rebated for apportionment by the county board of education. Act No. 77 repeals five special acts relating to and fixing the salaries of certain officers of Carroll County. Reference to § 1 of the act shows that act No. 69 is not one of the acts expressly repealed by act No. 77.

But it is contended that act 69 is repealed by implication. We do not agree with counsel in this contention. Section 2 provides that each and all of the officers of Carroll County shall receive the fees now fixed by law for their respective offices, as their full compensation

for their services as such officers. Act 69 relates to the same subject, and, instead of being repugnant to the provisions of act 77, would seem to be consistent in all respects with it. In other words, act 77 was passed by the Legislature in aid of the purposes of act 69. It is perfectly plain that, without act 77, the treasurer must receive his compensation under the provisions of act 69. Act 77 provides that the treasurer shall receive the fees now fixed by law for his office as full compensation for his services. The fees fixed by law were provided by act 69, and, as just stated, the later act, instead of being repugnant to the provisions of the first act, was supplementary thereto and in aid of it. Hence we hold that there is no implied repeal of act 69 by act 77, both of which were passed by the Legislature of 1927.

Therefore the circuit judge erred in holding that the county treasurer was entitled to commissions under the general law instead of under act 69. For this error the judgment will be reversed, and the cause will be remanded with directions to the circuit court to approve the settlement made by the county court with the county treasurer. It is so ordered.