GRAVES *v.* BURNS.

4-4676

Opinion delivered June 7, 1937.

*F. G. Taylor* and *Beloit Taylor,* for appellant.

*C. T. Bloodworth* and *E. L. Holloway,* for appellees.

MEHAFFY, J.   Richard H. Hays on April 21, 1935, died intestate in Clay county, Arkansas, leaving lands and personal property in said county.   He left surviving him no widow or children or their descendants, or father or mother.   His nearest living relative is the appellant, Martha Graves, his sister.   The appellees are the children of deceased's brothers and sisters.

This action was instituted in the Clay chancery court by the appellees for partition of the lands belonging to Richard H. Hays.   The complaint alleged that the appellant, Martha Hays, as the sister of Richard H. Hays, deceased, is the owner of and entitled to an undivided one-third interest in and to the real estate described; that the appellees, Lucy Burns, Anna Jackson and Jewel Hays, are the children of James Hays, deceased, brother of the said Richard H. Hays, and are the owners of an undivided one-third interest; that the appellees, Albert L. Curry and Bennett R. Curry, are the sole and only heirs of Rachel Hays Curry, deceased, sister of the said Rich-

ard H. Hays, deceased, and are the owners of and entitled to an undivided one-third interest in said lands. The complaint states that there are no debts due against the estate of said Richard H. Hays; that said estate was at all times solvent; that said lands cannot be divided equally or equitably in kind, and that it would be to the interest of all the heirs that the said lands be partitioned by sale of the same as a whole, and the funds divided among the heirs of Richard H. Hays, deceased. The complaint also states that Ewell Vandover has possession of the property, and asked that he be compelled to account for the income received from said real estate, and that he be required to pay into court all sums collected.

The appellant filed a demurrer to the complaint, which was overruled, and she then filed answer admitting that she was a sister of Richard H. Hays, and admitting that said Hays at the time of his death was the owner and in possession of the lands described in the complaint. She denied that appellees were the owners of any interest in said lands, and alleged that she was the sole heir of Richard H. Hays, deceased.

Frank Hays, Mrs. Minnie Hays Willis and Mary Taylor and Ed Wagner filed intervention. The court, in its decree, however, reserved the question of the rights of the interveners for further hearing upon application for distribution, and it is, therefore, unnecessary to set out the intervention.

The court found that the appellant was entitled to an undivided one-third interest in the lands, and that the children of the deceased brothers and sisters of Richard H. Hays were entitled to the other interests. The case is here on appeal.

The evidence shows that appellees, Lucy Burns, Anna Jackson and Jewel Hays were the only children of James Hays, deceased, who was a brother of Richard H. Hays and of Martha Hays; that said James Hays died long before the said Richard H. Hays; that the appellees, Albert L. Curry and Bennett R. Curry, were the only children of Rachel Curry, deceased, who was a sister of the said Richard H. Hays and the appellant, Martha

Graves, and that said Rachel Curry died long before the said Richard H. Hays.

It is the contention of the appellant that the appellees cannot recover or inherit because of act 52 of the Acts of 1933, which amends §§ 3471, 3480, 3481 and 3483 of Crawford & Moses' Digest. Section 3471 reads:

"When any person shall die, having title to any real estate of inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower in the following manner:

"First, to children, or their descendants, in equal parts.

"Second. If there be no children, then to the father, then to the mother; if no mother, then to the brothers and sisters, or their descendants, in equal parts.

"Third. If there be no children, nor their descendants, father, mother, brothers, or sisters, nor their descendants, then to the grandfather, grandmother, uncles and aunts and their descendants in equal parts, and so on in other cases, without end, passing to the nearest lineal ancestor, and their children and their descendants, in equal parts."

Section 1 of act 52 of the Acts of 1933 amends § 3471 of Crawford & Moses' Digest, and the section of act 52 amending said section of the digest reads as follows:

"Section 1. That § 3471 of Crawford & Moses' Digest of the Statutes of Arkansas be and the same is hereby amended to read as follows:

"Section 3471. When any person shall die, having title to any real estate of inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower in the following manner:

"First. To children, or their descendants, in equal parts.

"Second. If there be no children, then to the father or mother in equal parts, or, if one parent be dead, then the whole to the surviving parent; if no father or mother, then to the brothers and sisters, in equal parts.

"Third. If there be no children, nor their descendants, father, mother, brothers, or sisters, nor their descendants, then to the grandfather, grandmother, uncles and aunts and their descendants in equal parts, and so on in other cases, without end, passing to the nearest lineal ancestor, and their children and their descendants, in equal parts."

It will be observed that paragraph 2 of § 3471 has the clause, "if no father or mother, then to the brothers and sisters, or their descendants, in equal parts." The second paragraph of § 1 of act 52, leaves out the words "or their descendants." For this reason, it is contended by the appellant that the descendants of brothers and sisters cannot inherit if there are any brothers or sisters living.

The appellant cites and relies on *Lawyer* v. *Carpenter,* 80 Ark. 411, 97 S. W. 662. That case holds that where the Legislature takes up a whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intends it for a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provision not embraced in the new one.

Attention is, also, called to *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649. That case approves the rule announced in *Lawyer* v. *Carpenter, supra.* Several other Arkansas cases to the same effect are cited.

It is the duty of courts, in construing statutes, to ascertain the intention of the Legislature, if possible, and, in order to do this, it is frequently necessary to consider not only the entire act, but other statutes on the subject. The title of act 52, *supra,* is as follows:

"AN ACT to Amend Sections 3471, 3480, 3481 and 3483 of Crawford and Moses' Digest of the Statutes of Arkansas, so as to Remove Discriminations Against Females in the Laws of Descent and Distribution."

The title of an act is not controlling, but it has force in interpreting the meaning of the lawmakers when otherwise in doubt. *State* v. *White,* 170 Ark. 880, 281 S. W. 678; *Drainage Dist. No. 18 of Craighead County* v. *McMeen,* 183 Ark. 984, 39 S. W. (2d) 713; *Conway* v. *Summers,* 176 Ark. 796, 4 S. W. (2d) 19; *Huff* v. *Udey,* 173 Ark. 464, 292 S. W. 693; *Logan* v. *State,* 150 Ark. 486, 234 S. W. 493; *Nixon* v. *Allen,* 150 Ark. 244, 234 S. W. 45; *Oliver* v. *So. Tr. Co.,* 138 Ark. 381, 212 S. W. 77.

The title of act 52 shows that its purpose was to remove discrimination against females in the laws of descent and distribution, and when the act is considered as a whole, and other statutes on the subject considered, we think it is perfectly clear that the intention of the Legislature was simply to amend the statute so as to remove discriminations against females.

The third paragraph of § 1 of act 52 provides that if there be no children nor their descendants, father, mother, brothers or sisters, nor their descendants, then to the grandfather, etc. This section makes it plain, we think, that the intention of the Legislature was to provide for the property to descend to the brothers and sisters and their descendants, and that the phrase "or their descendants" was unintentionally omitted from the second paragraph of § 1 of act 52.

Section 3482, which is not amended, provides that relations of the half blood shall inherit equally with those of the whole blood in the same degree; and the descendants of such relatives shall inherit in the same manner as the descendants of the whole blood, etc. Not only the title of the act, but the entire law in Arkansas on descents and distributions, indicate that the intention of the Legislature was that the descendants of brothers and sisters should inherit.

"It is a well-settled principle of statutory construction that statutes should receive a common-sense construction, and, where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent of the

182

Legislature.'' *State, ex rel. Atty. Gen.,* v. *Chicago Mill & Lbr. Co.,* 184 Ark. 1011, 45 S. W. (2d) 26; Lewis' Sutherland Statutory Construction (2d Ed.), Vol. 2, pages 796, 797.

In order to enable the court to insert in a statute omitted words, or read it in different words from those found in it, the intent thus to have it read must be plainly deducible from other parts of the statute. Lewis' Sutherland Statutory Construction (2d Ed.), Vol. 2, 798.

But if it is plain from the statute, then the statute will be so construed as to carry out the manifest intention of the Legislature. *State* v. *Jones,* 91 Ark. 5, 120 S. W. 154, 18 Ann. Cas. 293.

When the entire act 52, together with the title of the act, and, also, the other sections of Crawford & Moses' Digest on the subject are considered, the conclusion that the words were omitted unintentionally cannot be escaped.

The judgment of the chancery court is affirmed.