SHAY *v.* WELCH.

4-7780                                        ˉ 191 S. W. 2d 253

Opinion delivered December 17, 1945.

*E. D. Viner,* for appellant.

*T. J. Carter* and *W. M. Thompson,* for appellee.

ROBINS, J. Appellees filed in the county court of Sharp county a petition, setting forth that the signers thereof constituted fifteen per cent. of the qualified electors of that county, and praying that an election be called, as provided for in Initiated Act No. 1, adopted on November 3, 1942, (Acts of 1943, p. 998) for the purpose of voting on the question of the manufacture, sale, bartering, loaning or giving away of intoxicating liquors in the county.

On July 25, 1945, the county court heard the petition, and, finding that it was signed by the requisite number of voters, ordered the election to be held on Au-

gust 22, 1945. Appellants, Shay and Wiles, licensed liquor dealers of the county, filed a motion asking the county court to make them parties to the proceedings, so that they might prosecute an appeal from the order calling the election. They averred that the Act under which the election was called had been repealed or amended by Act No. 135 of the General Assembly, approved February 27, 1945, providing that men in the armed forces should "have 60 days . . . in which to vote," and that the proposed election could not lawfully be held on the date fixed, since it was to be held less than sixty days after the order therefor. It was further alleged by said appellants that the petition was not signed by fifteen per cent. of the qualified voters of the county, and that the county court had before it no proper record from which to determine the number of qualified electors in the county. The county court entered an order making these appellants parties to the proceedings and granting them the right to appeal from the order theretofore made.

After transcript of proceedings in the county court had been lodged in the circuit court a number of citizens of the county then serving in the armed forces of the United States filed in circuit court an intervention, asking to, be made parties. In their intervention they adopted the pleadings filed by appellants, Wiles and Shay, and they further alleged that, because the time (elapsing from the date of call to date of election) as fixed in the Initiated Act was so unreasonably short as to prevent them from voting, the Act was unconstitutional and void, and also that the order fixing date of the election was contrary to the provisions of Act 135 of the General Assembly of Arkansas, approved February 27, 1945. No objection to the filing of this intervention, on the ground that new parties to the proceedings could not properly be made except in the court where the proceedings originated, was made below or is urged here by appellees.

The circuit court found that the petition was signed by fifteen per cent. of the voters of the county, and or-

dered that the matter be certified back to the county court, to the end that the election might be called as provided by law.

For reversal of the circuit court's order, appellants urge:

I. That voters absent from the county in the armed forces were by the proceedings below denied their constitutional right to vote in the election.

II. That the provisions of Initiated Act No. 1 of 1942, pertaining to time of calling the election were repealed or amended by Act No. 135 of the General Assembly of 1945, so as to require the elapsing of at least sixty days between the call for the election and the holding thereof.

III. That there was no proper record from which the names and number of qualified electors of the county could be determined; and that for this reason the court was without power to call the proposed election.

## I.

Appellants' first contention was settled adversely to them by our decision in the case of *Lienhart* v. *Bruton*, 207 Ark. 536, 181 S. W. 2d 468. In that case Mr. Justice KNOX, speaking for the court, said: "Appellant's further contention is that since, during the war, service men will have little opportunity to participate in the local elections which may be held under authority of the Act [Initiated Act No. 1, adopted November 3, 1942], such Act violates the above-mentioned provision of the constitution. The contention is entirely without merit. No elector in the armed forces is, has been, or will be prohibited from voting by any provision of this Act. It is the war and the necessity for winning it which has taken them away from their homes. This Act had nothing to do with it."

## II.

The Initiated Act here involved directs that the election provided for therein be held not less than twenty

nor more than thirty days from final determination that a proper petition has been filed; and appellants argue that this portion of the law has been repealed or amended by the last clause in § 1 of Act 135 of 1945, enacted to facilitate voting by persons absent from the state in the armed forces of the United States, which is as follows: "Provided said ballot may be sent any time within 60 days prior to the election, but must be received by the county clerk before 6:00 p.m. on the day of election."

There is no reference to the Initiated Act authorizing the local option election in said Act 135 of 1945, so that, if there has been a repeal or amendment of any provision of the former by the latter Act, such repeal or amendment must arise by implication. The rule as to implied repeals is thus stated in 59 Corpus Juris, p. 914: "It is a general rule that an act is not impliedly repealed because of conflict, inconsistency, or repugnancy between it and a later Act unless the conflict, inconsistency, or repugnancy is plain, unavoidable, and irreconcilable."

In the case of *Kendall* v. *Ramsey,* 179 Ark. 984, 19 S. W. 2d 1020, we said: "The courts have always leaned against repeals by implication, and subsequent laws do not abrogate prior ones unless they are irreconcilably in conflict. In other words, it is a rule of universal application that there must be a plain, unmistakable repugnancy before the courts will hold that a later act of the Legislature repeals a former act by implication. *Chamberlain* v. *State,* 50 Ark. 132, 6 S. W. 524; *Mays* v. *Phillips County,* 168 Ark. 829, 274 S. W. 5, 279 S. W. 366; *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649; *Cordell* v. *Kent,* 174 Ark. 503, 295 S. W. 404; *Taylor* v. *Rogers,* 176 Ark. 156, 2 S. W. 2d 56; *England* v. *State Highway Commission,* 177 Ark. 157, 6 S. W. 2d 23; and *Johnson County* v. *Hartman,* 177 Ark. 1009, 8 S. W. 2d 469. . . . In the application of the rule, this court has held that a general affirmative statute does not repeal a prior particular statute or the particular provisions of a prior statute on the same subject, unless there is an invincible repugnancy between the two. In *McCord* v. *Louisville & Nash-*

*ville Rd. Co.*, 183 U. S. 483, 22 S. Ct. 165, 46 L. Ed. 289, it was said: 'Repeals by implication are not favored, and are only allowed to the extent that repugnancy exists, and in order to give an act, not clearly intended as a substitute for an earlier one, the effect of repealing it, the implication of the intention to do so must necessarily flow from the language used, bearing in mind the necessity and occasion of the law.' "

When the two Acts involved herein are considered in the light of the rule enunciated in the above authorities it cannot be said that there is such inconsistency and repugnancy between them as to justify a holding that the language of Act No. 135 of 1945 reflects a legislative intent to repeal or change any portion of the Initiated Act invoked in this case.

It may be further observed that to sustain appellants' contention on this phase of the case would not prevent the holding of the proposed election. but would only require that same not be held earlier than sixty days after the final call therefor, which, as far as the record shows, has not been made by the county court pending this appeal.

## III.

While no exact copy of the list of voters on file in the office of the county clerk was introduced in evidence, it did appear from the testimony that this list had been certified by the acting sheriff, but not sworn to by any officer. It, therefore, did not comply with the requirements of § 4696 of Pope's Digest, and under our former decisions, could not be regarded as conclusive evidence of the voting qualifications of those listed therein. It appears that the list was delivered to the clerk by the collecting officer within the proper time, was accepted by the clerk and by him duly certified and spread upon the proper county record. This voters' list, bearing the clerk's certificate of authenticity, was printed for the use of election officials, as required by law. The record, in which this voters' list had been recorded, was introduced in evidence in the trial below by the clerk, its lawful custodian.

By the terms of the Initiated Act the court is required to call the election, if the petition is found to be signed by fifteen per cent. of the affected territory's voters, "as shown on the poll-tax records of the county." Now the record introduced by appellees was a county record, and it purported to show the list of poll taxpayers. While this list was imperfect on account of lack of proper verification, and might not, under our decisions, be competent or final evidence for all purposes, we hold that, for the purpose of determining the sufficiency of the petition involved herein, the lower court had a right to accept it as at least a *prima facie* showing of the identity and number of qualified electors.

The lower court offered to permit appellants to prove by the original assessment lists, if they could, that this record did not contain a true list of the voters, but they declined to do so, contenting themselves with relying upon the technical invalidity of the list because the sheriff did not swear to it.

Certainly the exercise of such a vital democratic process as the right to call an election authorized by law on the demand of the proper number of electors may not be entirely thwarted by the mere failure of a sheriff to swear to the list of poll taxpayers. *Henderson* v. *Gladish*, 198 Ark. 217, 128 S. W. 2d 257; *Hargis* v. *Hall*, 196 Ark. 878, 120 S. W. 2d 335.

Since the sufficiency of the petition was shown by the only available county record, and the correctness of the contents of this record was not in any manner challenged by appellants, the lower court did not err in granting the prayer of the petition.

No error appearing, the judgment of the lower court is affirmed.