HARGROVE *v.* ARNOLD.

Opinion delivered April 7, 1930.

*Feazel & Steel,* for appellant.

*Abe Collins, Lake, Lake & Carlton* and *Steel & Edwards,* for appellee.

BUTLER, J. The legality of an election held in Sevier County under the authority of an order of its county court submitting to the qualified electors of said county the question of the construction of a new court house and jail, and held at a special election ordered by the county judge, is challenged for the reason that the county court failed to prescribe the form of ballots, and failed to have said ballots show the amount of the proposed bond issue or its purpose, or the amount of taxes necessary to be levied in order to pay the bonds with interest as prescribed by § 4 of act 294 of the Acts of 1929, approved March 29, 1929.

The election was held under authority of Amendment No. 17, and the ballots were in the form prescribed by § 4 thereof, but not in form prescribed by § 4 of act 294, *supra.*

It is contended that, even though Amendment No. 17 is self-executing, the Legislature had authority to regulate the method by which elections should be conducted, and to alter or amend the form of the ballot prescribed by § 4 of the Amendment.

It is further contended that act No. 294, *supra,* did change the form of the ballot under which the election was held, and, the ballot voted on not conforming to the requirements of the act, the county court would be without authority to issue bonds under said election.

It is insisted, on the other hand, by appellee that act No. 294 dealt solely with an election by which power would be given the county court to take up any indebtedness existing at the time of the adoption of the amendment, incurred in the building, constructing or extending of any courthouse or jail, and had no reference to an election such as the one under consideration by which the construction of new county buildings and a tax to defray the expenses was authorized; also that, if said

act attempted to change the form of the ballot prescribed by the Constitution, such provision of the act would be null and void, because contravening the requirements of the Constitution itself, and, lastly, that said act No. 294 did not control or regulate the election for the reason that the same was not in effect at the time the election was held.

Our conclusion on the last point raised makes it unnecessary to discuss or decide the other questions presented, it being our opinion that appellee is correct in his last contention, namely; that act No. 294 was not in effect at the time of the election in Sevier County.

We take judicial notice of the records of both branches of the General Assembly from which we know that the Legislature of 1929 adjourned March 14, and that, while the act in question contained an emergency clause, no separate vote or roll call was had thereon, and therefore said emergency clause was never adopted, and the act did not go into effect until ninety days after the adjournment of the Legislature. *Road Imp. Dist. No. 16 v. Sale,* 154 Ark. 551, 243 S. W. 825; *Foster* v. *Graves,* 168 Ark. 1033, 275 S. W. 653; *Crow* v. *Security Mortgage Co.,* 176 Ark. 1139, 5 S. W. (2d) 346; *Kendall* v. *Ramsey,* 179 Ark. 984, 19 S. W. (2d) 1020.

Since the election involved was held May 4, 1929, § 4 of the Constitutional Amendment prescribes the form of ballot which was used at the election, and, as the act was not then in effect, it would be immaterial what its provisions might be or what validity they might have. The judgment of the court below is therefore affirmed.