BARBER *v.* STATE.

4327                                                   174 S. W. 2d 545

Opinion delivered October 11, 1943.

*James R. Campbell,* for appellant.

*Guy E. Williams,* Attorney General; *Earl N. Williams* and *Ike Murry,* Assistant Attorneys General, for appellee.

HOLT, J.   Appellant, Frank Barber, by information, was charged with the offense of selling beer on Sunday, contrary to the provisions of Act No. 281 of the Acts of the General Assembly of 1943.

By agreement, he was tried before the Court, sitting as a jury, found guilty and a fine of fifty dollars was imposed. From the judgment comes this appeal.

The cause was submitted on an agreed statement of facts. The appellant says: ''The question involved here is whether or not Senate Bill No. 43, which later became Act 281 of the Acts of 1943, passed the House of Representatives.''

From the stipulation of the parties, it appears that the record through the General Assembly, of the act in question, 281, which originated in the Senate as Bill No. 43, is as follows: (Quoting from the appellant's brief) ''January 19th—Read the first and second times. January 26th—Returned with Committee recommendation and amended. Engrossed. January 27th—Reported correctly engrossed. February 2nd—Read the third time and passed. Emergency Clause adopted. Clincher motion adopted. Transmitted to the House.''

''Senate Bill No. 43 was received by the House of Representatives from the Senate on February 3, 1943. On February 4, 1943, it was read the first and second times. On February 9, 1943, it was read the third time, and the record of the vote in the House of Representatives shows that sixty-five members voted in the affirmative, twelve in the negative. and twenty-three were absent or not voting. The Clincher motion was adopted and the emergency clause failed to pass, receiving only sixty-five votes, whereas sixty-seven were necessary to adoption. The record then reflects that notice to reconsider the vote by which the emergency clause failed of adoption was given. On February 12, 1943, the time for reconsidera-

tion was extended. On February 16, 1943, the time for reconsideration on the emergency clause was extended until February 25, 1943. On February 23, 1943, the time for reconsideration (of vote on emergency clause) was extended one week by unanimous consent. On March 2, 1943, the vote by which the emergency clause on Senate Bill No. 43 failed of adoption was reconsidered and debate then begun on reconsideration of the emergency clause. A motion to transmit the bill to the Senate failed and the reconsideration of the emergency clause was carried over as unfinished business in the House."

The stipulation further reflects the following endorsements on the original bill: "March 11, 1943—Returned to the Senate as passed, signed by Jack Machen, Chief Clerk.—March 11, 1943, returned from the House as passed, signed by I. N. Moore, Secretary.—March 11, 1943, Ordered Enrolled, I. N. Moore, Secretary."

. The act was properly enrolled, and signed by the Governor on March 23, 1943.

The record discloses,—and it is not disputed here,—that the act in question, 281, is the same act as Senate Bill No. 43.

The above record clearly discloses that this Act 281 was passed by both Houses of the General Assembly. It was passed in the Senate on February 2, 1943, and in the House on February 9th. The confusion arises over an emergency clause which was enacted in the Senate, but failed to pass in the House, it appearing from the House record that on March 2, 1943, the House refused to adopt the emergency clause on Senate Bill No. 43, (Now Act No. 281) and a motion to reconsider the vote by which the emergency clause failed of adoption was carried over as unfinished business and was not thereafter acted upon. The bill was transferred from the House, to the Senate, as passed without the emergency clause, on March 11, 1943, and on this same date, the bill was enrolled in the Senate, where it originated.

Amendment No. 7 to our Constitution provides: "If it shall be necessary for the preservation of the public peace, health and safety that a measure shall become

effective without delay, such necessity shall be stated in one section, and if upon a yea and nay vote two-thirds of all the members elected to each house, . . ., shall vote upon a separate roll call in favor of the measure going into immediate operation, such emergency measure shall become effective without delay.'' The fact that the emergency clause passed in the Senate but failed of enactment in the House could not, and did not, affect the validity of the act here in question. The purpose of an emergency clause is to make the act effective immediately after its passage, or after it is signed and approved by the Governor. *Stanley* v. *Gates,* 179 Ark. 886, 19 S. W. 2d 1000. It is conceded that the Legislature adjourned March 11, 1943, and the bill was approved and signed by the Governor on March 23, 1943. Without the emergency clause, the act became effective ninety days after the adjournment of the Legislature. Since it is conceded that the offense with which appellant is charged, occurred on June 13, 1943, it is obvious that Act No. 281 was in full force and effect at that time, without an emergency clause. In *Hargrove* v. *Arnold,* 181 Ark. 537, 26 S. W. 2d 581, this Court said: ''We take judicial notice of the records of both branches of the General Assembly from which we know that the Legislature of 1929 adjourned March 14, and that, while the act in question contained an emergency clause, no separate vote or roll call was had thereon, and therefore said emergency clause was never adopted, and the act did not go into effect until ninety days after the adjournment of the Legislature. *Road Imp. Dist. No. 16* v. *Sale,* 154 Ark. 551, 243 S. W. 825; *Foster* v. *Graves,* 168 Ark. 1033, 275 S. W. 653; *Crow* v. *Security Mortgage Co.,* 176 Ark. 1139, 5 S. W. 2d 346; *Kendall* v. *Ramsey,* 179 Ark. 984, 19 S. W. 2d 1020.'' And, also in *Foster* v. *Graves,* 168 Ark. 1033, 275 S. W. 653, it is said: ''The statute, as we have already seen, did not go into effect until January 10, 1924, by reason of the fact that there was no separate roll call as provided in Amendment No. 13 (Now Amendment No. 7) to the Constitution. This omission did not render the act invalid, but merely affected the validity of the emergency clause and rendered it inoperative.''

While there appears to be some confusion as to whether the bill, after its passage by the House, was returned to the Senate on March 11, 1943, as indicated by the indorsements, *supra,* on the original bill, or on March 15, 1943, as indicated by the following letter from the Chief Clerk of the House:—"Hall of the House of Representatives — Fifty-Fourth General Assembly — Little Rock, Arkansas—March 15, 1943. Mr. President: I am instructed by the House of Representatives to inform your Honorable Body of the passage of Senate Bill No. 43 by Senator Kidd, the same being a bill for an Act to be entitled: 'An Act to prohibit the sale of wine or beer on Sunday, providing a penalty and for other purposes.' and I herewith return the same. Respectfully submitted /s/ Jack Machen, Chief Clerk."—we think it cannot effect the validity of the bill as passed. It is common knowledge that both branches of the Legislature may be, and often are, considering and acting upon bills up to the closing minutes of the session and that bills, passed by one body, are, and of necessity must be, returned to the other in which they originated, after the Legislature has adjourned. Such action does not prevent the bill from becoming a law.

The principles of law announced in *Dow* v. *Beidelman,* 49 Ark. 325, 5 S. W. 297, we think apply with equal force here. There, this Court said: "The term of members does not expire when it, (the Legislature) adjourns, nor do all the functions and powers of its officers then cease. It may often happen, in the case of bills passed in the closing hours of a session, that there is not sufficient time to enroll them properly and present them to the executive, before an adjournment takes place. The effect is not that, under the circumstances, the bill fails to become a law."

Having reached the conclusion that Act No. 281 was a valid enactment, and in full force and effect on June 13, 1943, and it being stipulated that appellant did sell beer on that date, which was Sunday, the judgment must be affirmed and it is so ordered.