Request of Governor and Council,
No. 5401.

### OPINION OF THE JUSTICES.

Submitted August 26, 1965.
Answer returned September 21, 1965.

The Governor and Council assembled in executive session August 17, 1965 adopted the resolution appended hereto as appendix A relative to the enactment of House Bill 282 which now appears as chapter 378 of the Laws of 1965. The resolution was filed in this court August 17, 1965.

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The Justices of the Supreme Court make the following reply to the request for advice contained in your resolution appended

hereto as appendix A, relative to the enactment of House Bill 282 which now appears as chapter 378 of the Laws of 1965.

The resolution by which your request is submitted recites the following undisputed facts: House Bill 282, after amendments including one by which an appropriation of $110,000 was inserted in *s.* 3 of the bill, was passed by both houses of the Legislature on June 30, 1965, on approval of a report of a committee of conference. House Journal, *pp.* 2554-5; Senate Journal, *pp.* 1527-8. The Legislature thereafter adjourned on July 2, 1965, as of the legislative day July 1, 1965. Through accident and clerical mistake, House Bill 282 was not engrossed prior to adjournment of the Legislature. Consequently it was not then signed as an engrossed bill by the presiding officers of the two houses and presented to the Governor. See RSA 14:9.

Your resolution further indicates that after this error was discovered on Tuesday, July 6, 1965, House Bill 282 was "reconstructed" from the legislative journals and was engrossed on Friday, July 9, 1965; that the engrossed bill was thereafter signed by the Speaker of the House and President of the Senate, and thereupon presented to the Governor. The latter's approval was manifested by his signature, and the bill was returned "as a duly enacted statute" to the Secretary of State on Wednesday, July 14, 1965.

Your three inquiries are understood to relate and be confined to the particular facts recited in your resolution, and taken together they present the question of whether, in the circumstances set forth, House Bill 282, now chapter 378, Laws 1965, is a valid enactment, legally effective, and in full force and effect. In our opinion it is.

In *Opinion of the Justices,* 103 N. H. 402, 408, all of the Justices concurred in this statement: "If a proposed law has the Governor's approval, we see no reason why the public will, expressed by those to whom the Constitution has entrusted the power to make the laws, should be frustrated because they have not remained in session to consider executive objections which are not offered . . . Adjournment of the Legislature forecloses the amendment of bills to meet objections by the executive. But no reason appears to us to require a holding that it likewise forecloses his approval of bills passed by the Legislature, and presented to him before adjournment." In accordance with this view we are satisfied that chapter 378 of Laws of 1965 is not invalid by reason of the fact that the bill was approved by the

Governor after adjournment of the Legislature. It is apparent that his approval was given within five days after presentation to him, exclusive of the intervening Sunday. Const., Pt. II, *Art.* 44. See *Opinion of the Justices,* 103 N. H. 402, *supra,* 409.

The vital issue presented by your request is whether the legislation is invalid because presentation to the Governor occurred after adjournment. Despite language in *Opinion of the Justices,* 76 N. H. 601, which would lead to a contrary result, we think that the presentation of House Bill 282 to the Governor in this case was seasonably made, and effective to permit valid approval of the bill by him. The Constitution is silent as to the time for presentation of a bill to the Governor. See Const., Pt. II, *Art.* 44, *supra.* So also are the statutes. RSA 14:9. The view adopted by the Justices in 1911 was premised upon a conclusion that a statutory amendment in 1893, by which the duty of presenting bills to the Governor was transferred from the Clerk of the Senate to the Secretary of State (Laws 1893, *c.* 64) established no legislative intent to remove presentation from the category of a legislative act to be completed before adjournment. *Opinion of the Justices,* 76 N. H. 601, 608. Although the Constitution requires that the Secretary of State be chosen by the Legislature (Const., Pt. II, *Art.* 67) his duties are executive as well as legislative, and continue unabated after adjournment of the Legislature. Const., Pt. II, *Art.* 68; RSA ch. 5. The premise stated by the Justices in 1911, in concluding that the statute would not permit a bill adopted in April to be re-engrossed and presented to the Governor in October, does not appear to us to compel a similar interpretation of the statute today.

In *Opinion of the Justices,* 103 N. H. 402, 409, *supra,* we pointed out the change effected by the 1960 amendment of Article 15th, Part II of the Constitution, which was calculated to encourage adjournment of the Legislature by July 1 of the session. We are also aware that this may tend to increase the volume of legislation adopted in the closing days of a session. In *United States* v. *Pruitt,* 121 F. Supp. 15, 25 (D. S. D. Tex. 1954), the comment was made with reference to the federal legislative process: "Of course, a reasonable time must be allowed after final passage of a bill for these mechanics [preliminary to presentation of a bill to the Executive] to be carried out."

The holding of the court in that case, that presentation to the President after adjournment of the Congress did not invalidate an enactment, was sustained by the Court of Appeals in *Pruitt* v.

*United States,* 217 F. 2d 648 (5th Cir. 1954). In expressing a like opinion in *United States* v. *Taylor,* 116 F. Supp. 439 (D. Minn. 1953), the court declined to accept the view that presentation is a legislative act which must be performed before adjournment. A similar conclusion was reached after a review of the authorities in *United States* v. *Kapsalis,* 214 F. 2d 677 (7th Cir. 1954). See also, Zinn, The Veto Power of the President, 12 F. R. D. 207, 221.

Decisions of state as well as federal courts uphold the validity of presentation of bills to the Executive after adjournment, when approval has been given by him within the specified period. *Hartness* v. *Black,* 95 Vt. 190, 201-204; *Robey* v. *Broersma,* 181 Md. 325, 341; *State* v. *Heston,* 137 W. Va. 375; *Barber* v. *State,* 206 Ark. 187. The general law is stated by 50 Am. Jur. 105 "Statutes," *s.* 100 as follows: "In the absence of any constitutional provisions to the contrary, the adjournment of the legislature does not preclude the presentation to the chief executive of bills which have been passed by the legislature."

We see no reason to depart from the general rule in this instance. This is not to say that unreasonable delay before presentation to the Governor or delay for reasons other than clerical mistake or necessity, would satisfy our statute. RSA 14:9, *supra.* "Ordinarily, such bills must be presented forthwith." 50 Am. Jur. 105, *supra.*

So far as appears from your resolution, the clerical, administrative error with respect to House Bill 282 was seasonably discovered and by common consent corrected, and the bill thereafter promptly presented to the Governor, all within a reasonably short time after final passage of the bill and legislative adjournment. The fact is undisputed that the delay resulted from mistake, rather than from bad faith or contrivance. We therefore are of the opinion that House Bill 282 became a legally effective enactment as chapter 378, Laws of 1965.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

September 21, 1965.

*William Maynard,* Attorney General and *George S. Pappagianis,* Deputy Attorney General for affirmative answers.

*Nighswander, Lord, Bownes & Martin* for the Spaulding Youth Center also for affirmative answers.

## APPENDIX A

WHEREAS, On June 25, 1965, HB 282, as amended, was recalled from the Governor by the House of Representatives which then reconsidered its concurrence in a Senate amendment to HB 282, as amended, and voted not to concur in the Senate amendment and requested a Committee of Conference with the Senate (HJ 2406); and

WHEREAS, Thereafter, on June 25, 1965, the House of Representatives appointed a Committee of Conference (HJ 2407) and the Senate, on June 28, 1965, acceded to the House of Representatives' request and appointed a Committee of Conference on HB 282, as amended, (SJ 1413-1414); and

WHEREAS, On June 30, 1965, the Committee of Conference submitted to the House of Representatives and the Senate its report recommending an amendment inserting a new section to provide an appropriation for HB 282, as amended, for the biennium ending June 30, 1967, in addition to the appropriation made in the operating budget bills (HJ 2554; SJ 1527); and

WHEREAS, On June 30, 1965, the Committee of Conference report was printed in the respective journals of the House of Representatives and of the Senate (HJ 2554; SJ 1527); and

WHEREAS, On June 30, 1965, the House of Representatives and the Senate adopted the Committee of Conference report (HJ 2554-2555; SJ 1527-1528); and

WHEREAS, Through accident and mistake, the Committee of Conference report as adopted by the House of Representatives and the Senate was never attached to HB 282, as amended, by the Assistant Clerk of the House, and, through such accident and mistake, the Assistant Clerk of the House endorsed HB 282, as amended, and as passed by the General Court, as "killed" on July 1, 1965, signed his name thereto, and delivered HB 282, as amended, to the Secretary of State as a killed bill; and

WHEREAS, The House Journal and Senate Journal evidence that HB 282, as amended, was passed on June 30, 1965; they do not evidence that it was "killed" on June 30, or July 1, 1965; and

WHEREAS, Solely because of such accident and mistake, HB 282, as amended, and as passed by both the House of Representatives and the Senate was not forwarded to the Engrossed Bills Committee, was not engrossed by that Committee as required by Joint Rule 6 of the House of Representatives and of the Senate, and no report of the Engrossed Bills Committee that HB 282, as amended, was properly engrossed was ever received and accepted by the House of Representatives and the Senate; and

WHEREAS, Further, solely because of such accident and mistake, HB 282, as amended, was not forwarded by the Secretary of State to the Director of Legislative Services for checking and examination pursuant to RSA 17-A:1 (I) (supp) prior to final engrossment by the Secretary of State; and

WHEREAS, Further, solely because of such accident and mistake, HB 282, as amended, on July 8, 1965, and continuously thereafter, was in the custody of the Secretary of State as a bill killed by the General Court; and

WHEREAS, The House of Representatives and the Senate were prorogued by the Governor and adjourned on July 2, 1965, as of the legislative day of July 1, 1965; and

WHEREAS, The accident and mistake mentioned were discovered on July 6, 1965, after the House of Representatives and the Senate had adjourned; and

WHEREAS, On July 8, 1965, for the sole and express purpose of leaving in the office of the Secretary of State HB 282, as amended, in the same form and condition as when the General Court adjourned, the Director of Legislative Services forwarded to the Secretary of State a document labelled HB 282, representing HB 282, as amended, and as adopted by the House of Representatives and the Senate immediately prior to the accident and mistake of the Assistant Clerk of the House, the contents of said bill having been reconstructed from the House Journal and Senate Journal wherein is set forth and evidenced the final form of HB 282, as amended, and as passed by the House of Representatives and the Senate (HJ 2198-2202, 2554-2555; SJ 1353-1354, 1527-1528); and

WHEREAS, On July 9, 1965, the Secretary of State engrossed the reconstructed document labelled HB 282 and presented that

engrossed bill to the Speaker of the House of Representatives and the President of the Senate for their signature; and

WHEREAS, The reconstructed document labelled HB 282, representing HB 282, as amended, and as adopted by the House of Representatives and the Senate, was signed by the Speaker of the House and the President of the Senate after adjournment of the General Court; and

WHEREAS, The reconstructed document labelled HB 282, representing HB 282, as amended, and as adopted by the House of Representatives and the Senate, and as engrossed by the Secretary of State and signed by the Speaker of the House and the President of the Senate, was delivered to, and was signed by the Governor after adjournment of the General Court; and

WHEREAS, After signing the reconstructed document labelled HB 282, the Governor returned the bill as a duly enacted statute to the Secretary of State on July 14, 1965; and

WHEREAS, If the accident and mistake of the Assistant Clerk of the House of Representatives had not occurred, the normal and usual processing would have followed, of engrossing HB 282, as amended, of the signing of HB 282, as amended, by the Speaker of the House of Representatives and by the President of the Senate before the General Court adjourned (RSA 14:9), and of delivering HB 282, as amended, to the Governor for signature before the General Court adjourned on July 2, 1965, as of the legislative day of July 1, 1965; and

WHEREAS, Further, if the accident and mistake of the Assistant Clerk of the House of Representatives had not occurred, and upon delivery of HB 282, as amended, to the Governor for signature before the General Court adjourned, the Governor would have signed said bill into law as is evidenced by his signing of the reconstructed HB 282; and

WHEREAS, Since the reconstructed HB 282 as subscribed by the Speaker of the House of Representatives, President of the Senate, and the Governor, is in the office of the Secretary of State and is now officially reported and shall be published by the Secretary of State as a public statute enacted during the 1965 legislative session and is now and shall be known as and cited as Laws 1965, Chapter 378; and

WHEREAS, We have before us this date a request from the Department of Education for authorization to initiate and undertake certain action pursuant to and under Laws of 1965, Chapter 378; and

Whereas, We are in doubt as to whether Laws of 1965, Chapter 378 is a valid enactment;

Resolved by Governor and Council assembled in executive session, that the opinion of the Justices of the Supreme Court be respectfully requested upon the following questions:

1. When a bill has passed the House of Representatives and the Senate in the same form, as evidenced by the respective journals of each House, but through accident and mistake of an Assistant Clerk of the House of Representatives in endorsing the bill "killed," does not continue along the normal processing of engrossment and of signing by the Speaker of the House of Representatives and by the President of the Senate before the General Court has adjourned, and is engrossed by the Secretary of State and signed by the Speaker of the House of Representatives and by the President of the Senate after the General Court has adjourned, is such a bill a valid enactment of the General Court?

2. If the answer to question 1 is in the affirmative, if such a bill is submitted by the Secretary of State to the Governor after the General Court has adjourned and the Governor has indicated his approval thereof by affixing his signature thereto, is the signature and action of the Governor legally effective?

3. If the answers to questions 1 and 2 are in the affirmative, has such a bill been legally enacted and is the bill now in full force and effect?